ALBANY,
Jan. 1815.

REDMOND
v.
RUSSELL.

REDMOND *against* C. RUSSELL, IMPLEADED WITH OTHERS.

THIS was an action of *assumpsit*, on an inland bill of exchange, for 500 dollars, against the defendants, as drawers, one of whom only had been taken. The declaration was filed the 23d *August*, 1814; and special bail put in the 3d of *September*. On the 6th of *September*, the defendants' attorney gave notice to the plaintiff's attorney, that he should *petition* this court, to have the cause removed into the circuit court of the *United States*, and served him with a copy of the petition. The petition was not filed in the clerk's office of this court. At the last term, the petition was presented to the court, and filed, and a motion made thereon for the removal of the cause, which, by consent, was postponed to this term. The petition stated, that the action was for a sum exceeding 500 dollars, exclusive of costs; and that the defendants were citizens of, and residing in, the state of *Massachusetts*, &c.

*To entitle a defendant to remove a cause from the supreme court of this state, into the circuit court of the United States, pursuant to the act of congress, (1 cong. 1 sess. ch. 20. s. 12.) he must file his petition in this court at the time of putting in special bail; giving notice of presenting the petition, at the next term, and then filing it, is not sufficient.*

The motion was opposed, on the ground that the petition was not filed in the clerk's office, at the time of putting in special bail, on the 3d of *September*, in the words of the act of congress; (1 cong. 1 sess. ch. 20. s. 12. Laws U. S. vol. 1. p. 56.) and that it was too late, afterwards, to file his petition, at the next term.

SPENCER, J. To entitle a citizen of another state, sued here by a citizen of this state, to a removal of the cause to the circuit court of the *United States*, the act of congress (1 vol. p. 56. s. 12.) requires that the defendant shall, *at the time of entering his appearance in the state court, file a petition for the removal of the cause for trial, into the next circuit court*, &c. &c. In this case, the defendant filed special bail on the 3d of *September* last, and on the 6th of that month, gave notice to the plaintiff, of his intention to apply for the removal of the cause, and subsequently obtained an order to stay proceedings, until the application could be made; and in the last term of this court, he moved for the removal of the cause; then, for the first time, filing his petition.

U

This is not a case in which the comity of the court is to be exercised : if the defendant is not strictly entitled to have his cause removed, we are bound to maintain our jurisdiction.—— The plaintiff has as strong a claim to have his cause retained here, as the defendant can have to remove it. The whole question turns upon the point, when did the defendant enter his appearance ? Upon a *capias*, or other process against the person, the only mode in which the defendant is said to appear, is by putting in common or special bail ; and this appearance is necessary in all cases ; for the defendant must be in court before his attorney can plead, or take any steps in his behalf ; nor can the plaintiff proceed against a defendant, except by declaring conditionally, until he has appeared by filing common or special bail.

The manner of a defendant's appearing in the courts of the several states, is undoubtedly variant ; but whenever that act is done, which, according to the practice and rules of the state courts, respectively, amounts to entering an appearance in the court, where the suit is brought ; then, and at the time of entering such appearance, the petition for the removal of the cause must be filed. The entering an appearance, and filing the petition, are to be simultaneous acts ; and the act of congress does not contemplate, that the court shall be then in session : we cannot suppose, that congress were not aware, that these ministerial acts might be done in the vacation out of term.

The requirement, that the petition for the removal of a cause, should be filed at the time of entering the appearance, was intended, not only to put the defendant to a prompt election of his tribunal ; but to give the opposite party early notice of his intention.

Believing that there can be no doubt, according to the practice and course of this court, that filing the special bail, in this cause, on the 3d of *September*, was entering the defendant's appearance, I am bound to say, he has lost his right to a removal of the cause, by neglecting then to file his petition, according to the act of congress ; and that, consequently, we cannot now allow the cause to be removed.

YATES, J. and PLATT, J. concurred.

THOMPSON, Ch. J.  I cannot concur in the construction
which has been given to the act of congress.  If this was to be
considered a mere question of practice, and to be applied pros-
pectively, it would be matter of no great importance how it was
settled.  But to apply this construction to the present case, is,
I conceive, against the former practice of the court, and de-
priving the defendant of a right given by the statute.  The
appearance, which the statute speaks of, on the entering of
which the petition for the removal of the cause is to be filed,
must be an appearance in open court, and not the mere enter-
ing of bail ; for it is to be accompanied with other acts ; which
cannot be done in vacation, but must be done by the court.
He is to file a petition, and offer good and sufficient security
for entering his cause in the circuit court, and then appearing
and entering special bail, if special bail was originally requi-
site therein, of the sufficiency of which surety the court must
judge.  These are all considered by the statute as simultaneous
acts, and, of course, to be done in open court.  The mere
act of filing a petition in the clerk's office, could avail nothing.
It would not stop proceedings in the state court, nor would
the plaintiff be bound to take notice of it ; and the statute does
not require notice to be given.  Under the construction now
given to the statute, when the defendant endorses his appear-
ance on the writ, or the plaintiff files common bail for him,
he cannot know when to file his petition ; for his appearance
is entered by his adversary, and he may, by surprise, be pre-
cluded from removing his cause.  In my opinion, therefore,
the motion ought to be granted.

VAN NESS, J. was of the same opinion.

Motion denied.