Suydam *v.* Smith.

## Suydam and others *vs.* Smith and others.

A citizen of another state, sued in a bailable action in this court by a citizen of this state, upon presenting his petition to remove the cause to the circuit court of the United States, pursuant to the act of congress, need not put in special bail in this court.

Where in such suit one only of several defendants is arrested, all the defendants must enter an appearance in this court, at the time of presenting their petition.

Upon the presenting of such petition, and upon the defendant's giving the security required by the act of congress, the court may legally order the cause to be removed to the circuit court in either of the two judicial districts of the United States in this state, as it may deem most proper.

Where the cause of action arose in Ohio, and the *capias* was served on the defendant in the northern district of this state, and the defendant asked to have the cause removed to the circuit court of that district, it was so ordered, though the plaintiff had several witnesses on his part residing in the city of New-York.

On the last motion day of this term, *Stevens,* for the defendants, presented their petition setting forth that they were citizens and residents of the state of Ohio, and that one of them was arrested by the sheriff of Erie county, at Buffalo in this state, on the 7th of February last, upon a *capias* issued out of this court at the suit of the plaintiffs, who are citizens of this state resident in the city of New-York, returnable on the first day of this term, in an action of trover; that the defendant so arrested was held to bail in the sum of $30,000, and that the matters in dispute exceed the sum of $500, and praying that the cause may be removed for trial into the next circuit court to be held in the district where the suit is pending, pursuant to the act of congress entitled "An act to establish the judicial courts of the United States." (1 *Story's Laws U. S. p.* 57, § 12.) He also produced a bond of the defendants with two sureties, conditioned that they would enter at such circuit court, on the first day of its session, copies of the process against them, and appear therein by entering special bail. He moved for an order that the security be accepted, and that this court would proceed no further in the cause, &c.

*D. Greig*, for the plaintiffs, read an affidavit sworn to by one of them, stating that the plaintiffs' demand exceeds the sum of $20,000, that the plaintiffs have eleven witnesses residing in the city of New-York, and none in the northern district, and that the cause of action arose in this state, in the city of New-York. It appeared by the statements in the affidavit, that the transaction out of which the action arose took place in Ohio. He insisted, first, that the defendants should be required to put in special bail in this court before the cause could be removed. The act of congress (§ 12) declares that the petition shall be filed " at the time of entering" the defendant's " appearance in the state court." *Appearing*, in bailable actions, means putting in and perfecting special bail. Such a step is essential to protect the rights of the plaintiffs, for the suit may be dismissed in the circuit court, and then it will be necessary to continue it here. He contended, secondly, that the cause should be removed to the circuit court for the southern district of New-York. The act of congress provides that it shall be removed " into the next circuit court to be held in the district where the suit is pending." There being two judicial districts in this state, it is necessary to inquire in which of them this suit is pending. If the plaintiffs had declared, the suit would be pending in the district where the venue was laid, but as no declaration is yet filed, it should be considered to be pending in the district where the venue can rightfully be laid, and the affidavit, he said, showed that it ought to be laid in the city and county of New-York, and therefore the removal ought to be to the southern district. He cited *Redmond* v. *Russell*, (12 *John*. 153.) He also objected that there was no evidence of the genuineness of the bond produced or of the sufficiency of the sureties, who were said to reside at Buffalo, some four hundred miles from this city, and that the plaintiffs had no opportunity of enquiring as to their responsibility.

*Stevens*, for the defendants. The reference in the act of congress to the *appearance* in the state court, was simply to fix the time in respect to the progress of the cause in the state court, when the petition should be presented, and it would be incon-

Suydam *v.* Smith.

gruous to require special bail in a court from which the cause was about to be removed. The court has power to direct the removal to which circuit it pleases, but it ought to go to the northern district. The cause of action arose in Ohio, the *capias* is returned and filed in the clerk's office in that district, and the defendant was arrested there, and, in the absence of other circumstances, these ought to fix the locality. But we insist that the defendants have a right to elect to which circuit they will go. They are the moving parties, and as the removal to either circuit would be legal and regular, the party moving is entitled to choose the forum.

PER CURIAM. The suit is against three defendants, all of whom join in the petition, and although the *capias* was served but upon one, an appearance must be entered for all. We are of opinion that special bail need not be put in in this court, although it is a bailable action. The terms " entering an appearance," used in the act of congress, are not appropriate words to indicate the putting in of bail. They simply mean that the defendant shall, by entering his appearance, *concede* that the state court has full jurisdiction over him. Besides, the section provides that the defendant, in order to effect a removal, shall offer good and sufficient surety for his " appearing *and* entering special bail in the cause," in the circuit court, if special bail was originally requisite therein. The provision recognizes " appearing" and " entering special bail," as separate acts. The section further provides, that when a proper bond has been given for entering bail in the federal court, " any bail that may have been originally taken shall be discharged." It would be idle to exact special bail here, when such bail would be immediately discharged upon perfecting the removal. The bond offered is in due form, and the only question is as to the sufficiency of the sureties. To ascertain this there must be a reference to the clerk.

By the act of congress the cause is to be removed to the circuit court to be held in the district " where the suit is pending." The suit is in this court, which has jurisdiction throughout the

VOL. I.* 34

state, and within the same limits there are two circuit courts of the United States. We might legally send the cause to either circuit, but it may, without any great inconvenience, go to that of the northern district, as desired by the petitioner. The defendant was arrested there, and it is less remote than the other district from the state of Ohio, where the cause of action arose.

Ordered accordingly.*

* If there be two defendants in the state court, the cause cannot be removed into the circuit court of the U. S. upon the petition of one of them. (*Beardsley* v. *Torrey*, 4 *Wash. C. C. R.* 286.) So if there be two defendants, and only one of them is a citizen of another state, the cause cannot be removed. (*Ibid.*) In such cases the circuit court will remand the cause to the state court. (*Ibid.*) If a cause is regularly removed from a state court, the plaintiff cannot oust the circuit court of jurisdiction by releasing a part of his debt so as to bring it below $500. (*Wright* v. *Wells*, 1 *Pet.* 220.) Where the time has gone by within which a petition to remove a cause from a state court can legally be filed, an agreement to consider it filed as of a preceding term, when it would be in time, does not confer jurisdiction on the circuit court. (*Gibson* v. *Johnson*, 1 *Pet. C. C. R.* 44.) Where special bail is put in in a state court, the defendant cannot, *at a subsequent time*, present his petition to remove the cause to a circuit court of the U. S. (*Redmond* v. *Russell*, 12 *John.* 153.) But if the petition is filed at the time of putting in special bail, it will be in proper time, though the bail be excepted to. (*Arjo* v. *Monteiro*, 1 *C. R.* 248.) If the landlord of a tenant in ejectment be an alien, and petition to remove the cause at the time he is let in to defend, he is in season. (*Jackson* v. *Stiles*, 4 *John.* 493.) Where the cause of removal is that the defendant is a citizen of another state, that fact must be sworn to positively, and it is not enough to state that he is a resident of such other state. (*Corp* v. *Vermilye*, 3 *John.* 145.)