Norton *v.* Hayes.

---

## NORTON *vs.* HAYES.

Giving a notice of retainer for the defendant in a suit in this court, is not *the entering an appearance* in such suit, so as to require the filing of a petition at the same time, to enable the defendant to remove the cause into a circuit court of the United States, pursuant to the act of congress.

Where a *capias* in an action for a tort was issued against several defendants, but was served only upon one of them, being returned *not found* as to the others, and the plaintiff declared against the defendant so served; *held* that such defendant could make application to have the cause removed into a circuit court of the United States, without joining the other persons named as defendants.

After the sheriff's return and the service of the declaration against the defendant, on whom the *capias* had been served, the suit is depending against that defendant only.

Where a citizen of Connecticut was sued in this court, by a citizen of this state, re-

Norton *v.* Hayes.

siding at Troy, and the defendant applied, according to the act of congress, for an order to remove the cause into the circuit court of the United States for the *southern* district of New-York, and the plaintiff desired that it should go to the court in the *northern* district; *held* that the court would not give it the latter direction, unless upon cause shown arising out of considerations of convenience

*S. P. Staples,* for the defendant, presented his petition setting forth that he is a citizen of the state of Connecticut, and that in October, 1846, he was served with a *capias* at the suit of the plaintiff, issued against himself and two other persons, also citizens and residents of Connecticut, in an action on the case for obtaining certain notes, evidences of debt, and other property, *by deceit* and fraud, to the plaintiff's damage $10,000; that the plaintiff is a resident of the state of New-York. The prayer of the petition is that the cause be removed for trial into the circuit court of the United States for the southern district of New-York, pursuant to the act of congress. (1 *Story's Laws U. S. p.* 57, § 12.) The petition, together with a bond of the defendant with two sureties, conditioned as provided by the act of congress, had been filed in the clerk's office in New-York, on the 23d day of December last. It appeared by the affidavits now read, that the defendant Hayes did not endorse his appearance on the *capias,* or give bail; but the writ was returned served upon him, and as to the other two defendants, "not found." Hayes had employed Mr. Terry as his attorney, who gave notice of a motion to set aside the *capias;* but that motion was not made, having been abandoned by an arrangement between the attorneys. Terry gave the plaintiff's attorney a formal notice of retainer on the first day of December last, but he did not enter any appearance for him in the clerk's office. Soon after this time, Terry, by stipulation, relinquished his situation as attorney for Hayes, and Mr. Goddard was substituted as his attorney by a rule of the court; and he caused Hayes' appearance to be entered with the clerk on the 23d December— at the time of filing the petition and bond. The plaintiff's attorney had, on the 21st December, served a declaration on Terry, but nothing further had been done under it, Mr. Goddard, after his substitution, having obtained an order to stay

Norton *v.* Hayes.

proceedings with a view to make this motion. An affidavit of the plaintiff's attorney was read, to the effect that the plaintiff had told him he should be put to great trouble and expense unless the cause should be tried at the Rensselaer circuit, or in the county of Albany. *Staples* applied for an order removing the cause to the southern district of New-York, according to the prayer of the petition.

*M. T. Reynolds,* for the plaintiff. 1. The application comes too late; 2. The other defendants should have joined in the application; 3. If the cause is removed, it should be to the northern and not to the southern district.

*By the Court,* BEARDSLEY, J. The notice of retainer, given by Mr. Terry as attorney for Hayes, was not "entering his appearance" in the cause, within the terms or the meaning of the act of congress. (1 *Story's Laws U. S.* 57, § 12.) The appearance was first entered by Mr. Goddard on the 23d of December, at which time the petition for the removal of the cause, and a bond with sureties, as the act requires, were filed with the clerk. These being done at one and the same time, the application for the removal was made in due season. (*Supra,* § 12; *Redmond* v. *Russell,* 12 *John.* 153.)

This is not an action on contract, but was brought for an alleged tort; and although the *capias* was issued against three persons as defendants, the action, as now situated, is, in strictness, against Hayes alone. The writ was served only on him, the others being returned not found. Actions for torts may be brought against all or any of the wrongdoers, at the election of the party suing. Here the plaintiff issued a writ against three as joint tortfeasors, but which was served on one of them only. Notice of retainer was given for that defendant, the others not having appeared in any form; and in this state of the case, without taking any further steps to bring the other defendants into court, the plaintiff filed and served a declaration in the cause. The declaration not being amongst the papers, I know nothing what its form may be; but in legal effect, it must ne-

cessarily be against the defendant Hayes alone, for the others are in no sense before this court, as defendants to the action. In this posture of the case, it must be regarded as an action against Hayes as sole defendant. He therefore is entitled to have it removed without regard to those who, in the writ, were named as co-defendants with him. The bond for appearance in the circuit court, &c. is in due form, and no objection was made to the sufficiency of the sureties. The parties are such as to authorize a removal under the act of congress, and "the matter in dispute," as is shown by the amount claimed in the writ, exceeds five hundred dollars. (*Supra*, § 12; *The People, &c.* v. *The Judges of the N. Y. Com. Pleas*, 2 *Denio*, 197; *Gordon* v. *Longest*, 16 *Pet.* 97.) The case is therefore one which the defendant has a right to have removed to a court of the United States.

It was suggested by the counsel for the plaintiff that the case should be sent to the circuit court of the United States for the northern district of New-York, if transferred at all from the state court. That might be done, and such was the course in the case of *Suydam* v. *Smith*, (1 *Denio*, 263.) But that was on the ground of convenience, and no such ground is here shown. The plaintiff has not made any affidavit on the subject, and his attorney only swears that his client resides in Troy, and has assured him, which said attorney "verily believes, that unless he can be enabled to bring the said cause to trial in Rensselaer county, or in Albany county, he, the said plaintiff, will be subject to a serious inconvenience and increase of trouble and expense." This is very general in its terms and import; but, had it been stated by the plaintiff himself, it might, perhaps, have been deemed sufficient. As it is merely what the attorney says his client stated to him, it cannot be acted upon, no reason appearing why the client himself did not make an affidavit on the subject.

The cause must be removed to the circuit court for the southern district of New-York.

Motion granted.