Bosworth, J.
Full compliance with the act of Congress gives the defendant an absolute right to have this action remoyed to and tried in the Circuit Court of the United States. The plaintiff’s counsel insists, that the defendant has not complied with it, but, on the contrary, by executing an undertaking on his arrest with sureties, who were not excepted to within the time allowed by § 193 of the Code, which time expired before the petition was filed, has lost the right to remove the action. He relies on Redmond v. Russell, 12 J. R. 153. It was held in that case, that a defendant who puts in special bail must, at the time of filing bail, also file his petition to remove the cause, and that one subsequently filed would be too late. This was so held on the ground that filing special bail was entering an appearance, according to the practice of the *688 court—that such being the effect of the act of putting in bail, the defendant, consequently, then, and by that act, entered his appearance, within the meaning of those words as used in the act of Congress, and of course was bound to then file his petition, as the two acts are required to be simultaneous. It will be borne in mind, that filing special bail with the clerk of the court was, in legal effect, an act in court, by which the defendant conceded that the court had full jurisdiction over him. Ho appearance was formally or actually entered in this case, until the filing of the petition, both of which were done on the 9th of September. The execution of the undertaking requisite to procure his discharge from arrest, was not an act of the defendant, done, either in theory or in fact, in court. It is obvious that giving such an undertaking was not itself entering an appearance, any more than giving the bond formerly taken by the sheriff on the arrest of a defendant in a bailable action, conditioned that the defendant would appear and put in bail, was entering an appearance. (2 R. S. 348, § 14.)
It clearly could not be required of a defendant to file a petition simultaneously with executing such an undertaking. That would be impracticable. If the giving of.that undertaking was not entering an appearance, then none was entered until the 9th of September; for between those periods the defendant took no steps in the action. Although the time for excepting to the bail had elapsed before the petition was filed, yet, so far as the papers before me state, nothing then appeared on record, or on the files of the clerk of the court, to show that bail had been put in. In Suydam v. Smith, 1 Denio, 265, the court remarked that “ the terms ‘ entering an appearance,’ used in the act of Congress, are not appropriate words to indicate the putting in of bail They simply mean that the defendant shall, by entering his appearance, concede that the State court has full jurisdiction over him.” In this action, the defendant had done no act in court, nor did any paper signed by him or any attorney retained by him, appear on the files of the court, which the Code, or the rules made under it, declare to be equivalent to an appearance, or an actual appearance.
A party’s appearing, by the filing of special or common bail, has no application to proceedings under the Code. I am of *689 the opinion, that the defendant had not entered his appearance, within the meaning of those words, as used in the act of Congress, until it was actually entered on the 9th of September. The prayer of the petition is therefore granted.