### BRUMAGIM vs. CHEW.

1. A suit brought in New York upon a bond, by a person to whom it was assigned as collateral security for a less amount, in which only the amount for which it was assigned as collateral security was recovered, and to which the obligee was no party, does not satisfy and extinguish the bond, as against the obligee. And in a suit brought by the absolute assignee of the bond and mortgage subsequent to such collateral assignment, he will be entitled to a foreclosure of the mortgage for the residue due upon it, beyond the amount recovered.

2. The effect of such recovery will be determined by the law of the state of New York. And the well established rule, that the proceedings in any suit will not affect any one but a party to it, will be assumed to be the law of New York, until it is shown that a different rule is established there.

---

Argued on pleadings and proofs.

*Mr. Williamson,* (with whom was *Mr. E. T. Green,*) for complainant.

*Mr. A. V. Schenck,* for defendant.

THE CHANCELLOR.

Robert Chew, in 1851, gave to Peter Walker his bond secured by mortgage on lands in this state, for the payment of $3500, in March, 1856, with interest half yearly. Walker, in December, 1851, assigned the bond and mortgage to Stephen G. Wood, as collateral security for the payment of $1700, and afterwards further assigned them as collateral security for the sum of $200.

In April, 1853, Wood brought suit on the bond against Chew in the Supreme Court of New York, joining Walker as defendant, he having refused to join as plaintiff. Chew appeared and pleaded; Walker was not served with process, nor did he appear or plead. A rule was ordered after his death, which occurred during the suit, making his administratrix in New York a party in his place, but she was not served with the rule or with process, and did not appear or plead, nor was she in any way brought into court. Chew pleaded fraud in the consideration of the bond, and claimed to recoup the damages and loss to him arising from the fraud, which consisted in false representations as to the property sold to him, for which the bond was given as payment. An issue was joined between Wood and Chew on this fraud, and upon a trial had on this issue, the jury found for Wood the sum of $2091.25, for which judgment was given, which Chew immediately paid. In this issue and trial the administratrix of Walker took no part.

Pending the suit, in December, 1857, Wood assigned the bond and mortgage to M. F. Braisted, and on the 9th of April, 1859, three days after the judgment in the Supreme Court, and two days after the payment of it, Braisted and Walker's administratrix assigned the bond and mortgage to Brumagim, the complainant.

The defendant contends that the suit upon the bond in New York, and the verdict and judgment therein, extinguished the bond, and that, by the payment of that judgment, the bond and the debt which the mortgage was given

to secure was satisfied, and the mortgage, which has no existence, except as security for the debt, was thereby also satisfied.

The position taken for the defendant, that the judgment in New York must have the same effect here as it would have in New York, by the laws of that state, is correct, and the question to be determined is the effect of it in New York. In that state, a person made party to a suit in the summons or process, who is not served, or does not appear, unless he be a joint contractor with a party summoned or appearing, is not deemed a party to the suit, and cannot be affected by the judgment. The suit proceeds against the party summoned, as if he was the sole defendant. *New York Code,* § 136; *Robinson* v. *Frost,* 14 *Barb.* 536; *Norton* v. *Hayes,* 4 *Denio* 245; *East River Bank* v. *Cutting,* 1 *Bosw.* 636.

By the *New York Code,* § 111 *and* 112, suits upon things in action must be brought in the name of the real party in interest.

Wood was only interested in the bond to the extent of his advance, for which they were assigned as collateral security. Walker owned the residue. If he had been made a party, all the questions could have been settled in that suit. *Code,* § 263 *and* 274.

Chew did not make any objections, so far as appears by the record, to the suit proceeding without him; and in such case, this suit, being between Wood and Chew, both upon the well established principles of law in such case, by which this court must be governed unless a different rule is shown to be established in New York, and by the law of the state of New York so far as shown to this court, could only affect the parties to the suit.

It would be strange if one holding a bond as collateral security for half its amount, could bring suit upon it in the absence, and without the knowledge of the pledgor, and, by negligence or collusion, permit a defence to one half the amount to prevail, on recovering the amount necessary to pay his own claim.

If the assignment had been absolute, and the obligor had not known that it was intended as collateral, the case would be different. But here the complaint in the suit in New York sets forth that it was collateral, and that Walker had an interest and ought to be a party. And for aught that appears, the jury may have found their verdict for the amount due to Wood on his loan to Walker, without considering or determining upon the validity of the defence beyond that amount. By the code, he was not entitled to recover more.

Beyond the amount recovered by Wood, and paid to him, this judgment in New York is no defence to this bond or mortgage. The trial and judgment were between strangers, and cannot affect Walker's administratrix, or any one holding by assignment from her.

The complainant is entitled to a decree for the amount secured by the mortgage, above the amount paid to Wood.