CHEW, appellant, and BRUMAGIM, respondent.

1. A judgment recovered in the state of New York must receive here the same effect to which it is entitled there.

2. Under section 111 of the New York code, a person who assigns a bond as collateral security is a necessary party to a suit brought by his assignee against the obligor of the bond.

3. On foreclosure here of the mortgage given to secure the bond, the complainant, who holds it absolutely by assignment subsequent to such collateral assignment, is entitled to a decree for the amount due upon it in excess of the judgment in New York.

---

The opinion of the Chancellor is reported in 4 *C. E. Green* 130.

*Mr. A. V. Schenck* and *Mr. E. P. Cowles* (of New York), for appellant.

*Mr. E. T. Green* and *Mr. Williamson*, for respondent.

The opinion of the Court was delivered by

Van Syckel, J.

The facts of this case are concisely stated in the opinion of the Chancellor, as follows :

"Robert Chew, in 1851, gave to Peter Walker his bond, secured by mortgage on lands in this state, for the payment of $3500 in March, 1856, with interest half yearly. Walker, in December, 1851, assigned the bond and mortgage to Stephen G. Wood, as collateral security for the payment of $1700, and afterwards further assigned them as collateral security for the sum of $200. In April, 1853, Wood brought suit on the bond against Chew, in the Supreme Court of New York, joining Walker as defendant, he having refused to join as plaintiff; Chew appeared and pleaded; Walker was not served with process, nor did he appear or plead; a rule was ordered after his death, which occurred during the suit, making his administratrix in New York, a party in his place; but she was not served with the rule or with process, and did not appear or plead, nor was she in any way brought into court. Chew pleaded fraud in the consideration of the bond, and claimed to recoup the damages and loss to him arising from the fraud, which consisted in false representations as to property sold to him, for which the bond was given as payment. An issue was joined between Wood and Chew on this question of fraud, and upon a trial had on this issue, the jury found for Wood the sum of $2091.25, for which judgment was given, which Chew immediately paid. In this issue and trial, the administratrix of Walker took no part.

"Pending the suit, in December, 1857, Wood assigned the bond and mortgage to M. F. Braisted; and on the 9th of April, 1859, three days after the judgment in the Supreme Court, and two days after the payment of it, Braisted and Walker's administratrix assigned the bond and mortgage to Brumagim, the complainant."

Brumagim filed his bill in this state to foreclose the said mortgage, and the defendant insists that the judgment in New York extinguished the bond, and that, by the payment of that judgment, the debt secured by the mortgage was satisfied, and the mortgage thereby discharged.

The question turns upon the effect of that judgment in New York, it being admitted that it is entitled to the same effect here that is given to it by the laws of that state.

Two questions are raised in the discussion of this case :

1. Whether Walker was a necessary party to the suit instituted by Wood in New York ?    2. If a necessary, was he an actual party to that suit ?

The first question involves the construction of section 111 of the New York code, which is in these words : " Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 113." Section 113 provides that an executor, administrator, or trustee of an express trust, or a person expressly authorized by statute may sue without joining the person for whose benefit the suit is prosecuted.

Who are the real parties in interest within the meaning of section 111 ? If Walker was a necessary party to the suit in New York, it is conceded that the judgment in that case cannot, unless he was an actual party, bind him or those claiming under him. Wood was interested in the bond to the extent of his loan to Walker, and Walker owned the residue. The words of the code, in their ordinary acceptation, would clearly include both parties, and Walker is interested to a greater extent than Wood, for his liability to Wood remains, whether the collateral can be enforced or not, while Wood looked to the bond only in the event of Walker's default.

Was the code intended simply to effect a change in the rule of the common law, that a chose in action was not assignable so as to enable the assignee to sue thereon in his own name ? Was it designed merely to make the assignment, in the words of our own statute, good and effectual

Chew v. Brumagim.

in the law, and to clothe the legal title with the right to sue? If this purpose existed, it would have been fully effectuated without the exception in section 113. If the absolute legal title, without the beneficial interest, can sustain the action, the exception in section 113 in favor of executors and trustees, was wholly unnecessary, and section 111 would have precisely the same import, with the exception expunged. Executors have the legal title but not the beneficial interest, and the framers of the code must have understood that, by the term 'real party in interest,' they excluded those who had the legal, but not the beneficial interest. It would be clearly in violation of a well settled rule of statutory construction, to take out of the operation of this section, persons who are not of the class expressly excepted by its terms, or to adopt a rule which gives to the exception no purpose whatever.

A reference to other provisions of the code in connection with section 111, establishing a procedure before unknown to courts of common law, will show a marked intention in its framers to assimilate the practice in courts of law with respect to parties, to that which had pertained in equity. Section 117 enacts, that all persons having an interest in the subject matter of the action may be joined as plaintiffs, with certain exceptions. Section 118, that any person may be a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination and settlement of the questions involved therein. Section 119, that those united in interest must be joined as plaintiffs or defendants, unless a party refuse to join as plaintiff, and then he is to be made defendant. Section 122, that the court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or saving their rights; but when that cannot be done the court shall order them brought in. And section 144, that the defendant may demur for defect of parties.

It will be observed that these rules apply as well to cases on the equity as the law side of the court. The term 'real

party in interest,' was well understood in equity to mean the beneficial interest; the party entitled to the fruits when gathered.

The commissioners of the code, in reporting these provisions which were afterwards adopted, say (Title 3, p. 123,) that the purpose they had in view was : First. To do away with the artificial distinctions existing in courts of law, and to require the real party in interest to appear in court as such. Second. To require the presence of such parties as are necessary to make an end of the controversy. If the view now taken prevails, they have accomplished their purpose; otherwise, not.

Giving the words 'the real party in interest,' the signification they had in equity, concludes this controversy.

It is the undoubted rule in New York that upon foreclosure of a mortgage, the assignor who has assigned as collateral security, is a necessary party, even though the assignment is absolute in its terms and expresses payment of a full consideration. *Whitney* v. *McKinney*, 7 *Johns. Ch.* 145; *Kettle* v. *Van Dyck*, 1 *Sandf. Ch.* 76. Therefore, the interpretation now given to section 111 must be the true one, unless the code was designed to effect a radical change in the rule in equity; an intention nowhere intimated, either in the code itself, in the history of its adoption, or in any subsequent adjudication.

The New York cases show that in actions at law *ex contractu*, under the code, a distinction has been drawn between proper parties and necessary parties in cases where, at common law, such distinction was never known, and this departure from the common law can be entertained, only because it is understood that the rule in equity as to parties has been engrafted upon its procedure.

Section 111 is imperative in its provisions, bringing within its operation all who are comprehended in the description, 'real party in interest,' excepting those expressly excluded by section 113; therefore, the institution of the suit by one

of several parties in interest will not satisfy its requirement; all must be joined. This section declares who shall prose-cute an action, and who shall be plaintiff is made to depend, not upon the nature of the defence which may be set up, but upon the character of the interest which the plaintiff has.

The code allows defences, either legal or equitable, to be set up in a suit at law in all cases, and thus every defence is made a legal defence, a defence that will prevail in a suit at law.

The fact whether Walker was really interested in the bond, or the extent of his interest, must be determined by the contract he made with Wood, not by the circumstance that the obligee may chose to allege fraud in the considera-tion of his bond, which was not an admissible defence before the code to an action at law on a sealed instrument.

This view, however clear it may be to my own mind, must be yielded, if it is in conflict with the adjudicated cases in New York; whatever construction the courts have adopted there, should conclude us here.

In *Lewando* v. *Dunham*, 1 *Hilton* 114, the plaintiff had an absolute assignment of the claim under seal; it appeared in evidence that the assignor was entitled to half the amount to be recovered. The court held that suit would not lie by the assignee alone, thus clearly holding that the absolute legal title, coupled with a partial interest, will not sustain a suit.

In *Cummings* v. *Morris*, 25 *N. Y. R.* 625, the notes sued upon were passed to the plaintiff under an agreement to give the assignor, when the notes were collected, the amount thereof in stock of the Evergreen Cemetery Company. The court properly held that the assignee could sue alone; the assignor had no interest whatever in the proceeds of the notes when collected; he had simply a claim against the assignee for the stock agreed to be furnished. In this case, as previously reported in 3 *Bosworth* 572, the court say that a party, who has an absolute right to the money, to

appropriate it to his own use when recovered, is the real party in interest, under section 111, and that in this case the plaintiff had the legal and equitable title. It is evident from the language used by the court, that if the assignor had been entitled to any part of the money when collected, he would have been held to be a necessary party.

*Considerant* v. *Brisbane*, 22 *N. Y. R.* 389, is a leading case on this subject. The suit was brought by Considerant, upon a promissory note drawn by Brisbane, payable to Considerant, as executive agent of the company, Bureau, Guillon, Godin & Co. Judge Wright, in delivering the opinion of the court, held that although, prior to the code, Considerant could alone have maintained the action, because he had the absolute legal title, yet, under section 111, he was not the real party in interest, the beneficial interest being the sole test of the right to sue. But in this case, the plaintiff's right to sue was sustained, upon the ground that he was trustee of an express trust. In this opinion Justices Selden, Davies, Clerke, and Welles, concurred. Judge Denio, in a dissenting opinion concurred in by Chief Justice Comstock and Judge Bacon, says, that the code, though adopting as a general rule, the practice prevailing in courts of equity, by which the parties having the beneficial interest were required to be brought before the court, made an exception in favor of trustees of express trusts, and dissents from the majority opinion, only in holding that the principals named in the note must be regarded as the promisees, and the suit must be in their name.

In this case decided in 1860, the eight judges of the Court of Appeals, united in holding that the code had adopted the practice prevailing in equity, by which the parties having the beneficial interest must be before the court, and that the beneficial, not the legal interest, was the sole test of the right to sue.

In the *Western Bank* v. *Sherwood*, 29 *Barb.* 389, the suit was by the assignee, to whom the bond had been assigned as collateral security, to which the defence set up was want

of consideration. Judge Marvin in his opinion says, that when a complete determination of the controversy cannot be had without the presence of other parties, they must be brought in, and that the judgment rendered in the court below, would not determine the controversy between the defendant and Johnson, the plaintiff's assignor, who was not a party.

*Boynton* v. *The Clinton and Essex Mutual Insurance Company*, 16 *Barb.* 254, was a suit by assignor and assignee as plaintiffs, on a policy of insurance assigned as collateral. The court held that although by the terms of the policy, nothing could be recovered on it in excess of the amount due from assignor to assignee, the assignor was properly joined with him as plaintiff in the suit, because he was a party in interest, as payment of the loss to that extent, would discharge his debt to the assignee.

*Secor* v. *Keller*, 4 *Duer* 416, is equally in point, where it was held that a dormant partner in a suit by his copartners, was a necessary party under section 111. The court uses this unmistakable language : "Before the code, in an action at law, a dormant partner was not a necessary party, but in equity, every partner, active or dormant, having an interest in the controversy, was a necessary party, and we agree with the referee, that the code has adopted the rule which prevailed in equity, and made it universal. The provision of section 111 is imperative, and subject to no exception other than those stated in section 113."

It will be found, upon a critical examination of the cases in which a suit has been maintained by one not having the entire beneficial interest, that he has been treated as trustee of an express trust.

The case of *St. John* v. *The American Life Insurance Company*, was mainly relied upon by defendant's counsel. The plaintiff sued upon two policies of insurance, which had been assigned to him under an agreement that if the policy, number 2500, should be paid to him, he would pay $1500 of the proceeds to the assignor' swife, and pay to her all he

recovered on the other policy. The point was made, that the assignor was a necessary party; the Court of Appeals held otherwise, without stating the ground upon which they rested their decision. There was no doubt about the right of the plaintiff to sustain his action; he was a trustee of an express trust. So in the case of *Nelson* v. *Easton,* 26 *N. Y. R.* 416, the plaintiff was held to be the trustee of an express trust.

*Grant* v. *Tallman et al.,* 20 *N. Y. R.* 191, was an action to foreclose a mortgage by the party to whom it was assigned as collateral. The court say that the assignee was the legal owner of the securities, and the proper party to sue, and that the action might be continued in his name even though the assignor had paid the debt for which he held the mortgage as security. It does not clearly appear, but it would seem from the names of the parties at the head of the case, "Grant v. Tallman et al.," and the statement in the case that the defendants, Tallman and wife, alone resisted the foreclosure, that the assignor was a party to the suit, and if that was so, all parties in interest were before the court.

These cases are in full accord with what I understand to be the correct interpretation of the code, and therefore Walker was a necessary party to the suit on the bond, unless by virtue of the assignment to him he became the trustee of an express trust. By the assignment, Wood did not become a trustee for Walker; Walker's right was strictly an equity, a right to redeem by paying his debt. If Wood had collected an amount in excess of his claim, a trust would have resulted, but until that contingency happened he was in no sense a trustee of an express trust for Walker. In reaching this conclusion the amendment to section 113, in 1851, has not been overlooked.

Walker having been a necessary party, the record produced must answer whether he was an actual party.

In New York a person who is not served with process, or does not appear, unless he is a joint contractor with the party served, or appearing, is not deemed a party to the

suit, and cannot be affected by the judgment, although he is named as a party in the summons or process. *New York Code* § 136; *Robinson* v. *Frost,* 14 *Barb.* 536; *Howard* v. *Finch,* 5 *Duer* 666; *Norton* v. *Hayes,* 4 *Denio* 245; *East River Bank* v. *Cutting,* 1 *Bosw.* 536.

The complaint does not aver, nor does the record in any way show, as the code requires that it should, that Walker was either summoned, or voluntarily in court. A record made up according to the course of proceeding at common law sets out the declaration, which avers that the defendant is in custody, or that he was summoned or attached to answer, or present in court in his own proper person, and in such case the record would be *prima facie*, if not conclusive against the defendant, in the absence of any statutory provision. *Price* v. *Ward,* 1 *Dutcher* 225. The judgment in New York therefore has not the virtue which is claimed for it, and the defendant is without defence, except as to the amount which was paid to Wood upon the bond.

The code clearly defines the mode of proceeding in a case like the one under consideration. If Walker refused to join in the suit as plaintiff, that fact being stated in the complaint authorized Wood to make him a defendant. Wood having failed to bring Walker in, Chew, under section 144 of the code, should have demurred for want of proper parties, and thus have secured an adjudication that would have fully protected him. The further prosecution, to which Chew is subjected, results from his own neglect.

The decree of the Chancellor must be affirmed.

*For affirmance*—BEDLE, DALRIMPLE, DEPUE, OGDEN, OLDEN, SCUDDER, VAN SYCKLE, WALES, WOODHULL. 9.

*For reversal*—KENNEDY.