CHATHAM NATIONAL BANK OF NEW YORK v. MERCHANTS'
NATIONAL BANK OF WEST VIRGINIA, appellant.

*Practice — removal of cause from State to federal court — National bank —
"citizen" of State where located — entry of appearance.*

In an action by a national bank of New York against a national bank of West
Virginia, *held,* that the defendant was not deprived of the right to demand
a removal of the cause from the State court to a federal court. National
banks are "citizens" of the State in which they are organized and located.

Defendant served a notice of appearance on December 15th, but did not file a
petition for the removal of the cause from the State to the federal court until
January 7th, the petition stating that defendant then entered its appearance
and had not done so before. *Held,* a valid compliance with the federal stat-
ute requiring the defendant, "at the time of entering his appearance in the
State court," to file his petition.

APPEAL by defendant from an order denying a motion on the part
of defendant for the removal of the cause to the United States
circuit court for the southern district of New York. The action
was brought by the Chatham National Bank of the city of New
York against the Merchants' National Bank of West Virginia to
recover the proceeds, amounting to $2,242.83, of various checks
alleged to have been received by defendant for collection for plain-
tiff. The plaintiff is a corporation created and existing by the
laws of the State of New York and of the United States, and is
located and doing business in New York city. The defendant is a
corporation created and existing under the laws of West Virginia
and of the United States, and is located and doing business at
Wheeling, in that State. Defendant filed a petition stating the
above facts and demanding a removal of the cause to the federal
court. The petition was denied and defendant appealed. The re-
maining facts appear in the opinion.

*Chapman, Scott & Crowell,* for appellant. The parties are "citi-
zens" of different States. *Stevens* v. *Phœnix Ins. Co.,* 41 N. Y. 149;
*Barney* v. *Globe Bank,* 2 Am. Law Reg. (N. S.) 221. The petition
was filed at the proper time at the entry of appearance. *Field* v.
*Blair,* 1 Code R. (N. S.) 292 ; *Ex parte Isaacs,* 12 Wend. 193; *Nor-
ton* v. *Hayes,* 4 Den. 245.

*J. H. & B. F. Watson,* for respondent, cited *Ayres* v. *Western R. R. Co.,* 32 How. 351; S. C., 48 Barb. 132; *Bowen* v. *First Nat. Bank,* 34 How. 408; *Manuf. Nat. Bank of Chicago* v. *Baack,* 40 id. 409.

DANIELS, J. The sworn petition of the defendant stated that the plaintiff was a corporation or banking association, created and existing under and by the laws of the State of New York and of the United States, located and doing business at the city of New York, in the State of New York, and at the time of bringing the suit was, and still is, a citizen of the State of New York. This was not denied on the part of the plaintiff, and should for that reason be accepted as the truth ; and, as such, it was sufficient to present a case within the act of congress providing for the removal of causes into the circuit court of the United States, so far as the right depended upon that circumstance.

It is claimed, however, that the name by which the plaintiff has been incorporated indicates it to be an association formed for banking purposes under the laws of the United States providing for the creation and circulation of a national currency ; and that circumstance added to the fact stated in the petition, that it is a corporation or banking association created and existing under the laws of the United States as well as of this State, sufficiently warrants that conclusion.

But that does not divest the defendant of the right to insist upon the removal of the cause into the circuit court of the United States, even though it may have been withheld where each of the parties to the action is shown to be a foreign corporation. *Ayres* v. *Western Railroad Co.,* 48 Barb. 132. These associations have been held liable to the attachment laws of this State, although existing and transacting their business within its boundaries, because the remedy they provide for includes such associations, on account of the circumstance of their creation under the laws of another government than that of the State. *Bowen* v. *First National Bank of Medina,* 34 How. 408. But that does not justify the conclusion that they are foreign corporations within the ordinary signification of those terms. That, certainly, cannot properly be said to be their character ; for, when they are organized and located within this State they are as completely citizens of the State within the signification of the act of congress providing for the removal of causes into the circuit court as though they were incorporated exclusively

under its laws. The act of congress upon this subject constitutes, under the constitution of the United States, a portion of the laws of the State, paramount even to those enacted by its own legislature. It exists through and extends over the State as completely and entirely as any legislation can by possibility do ; and it is a portion of the positive law required to be observed and maintained by all its citizens and inhabitants. When an association for banking purposes is formed within the boundaries of the State for the purpose of being located and transacting business within its limits, it necessarily becomes an inhabitant of the State. This is clearly implied by the provision of the act requiring the certificate under which the association may be formed to state the place where its operations of discount and deposit are to be carried on, designating not only the State, territory or district, but the particular county and city, town, or village. 13 U. S. Statutes at Large, 101, § 6, subd. 2. Besides that, the names and residences of the shareholders are also required to be stated ; and the general power is conferred upon it of suing and of being sued in any court of law and equity, as fully as natural persons ; and its usual business is required to be transacted at an office or banking house located in the place stated in its organization certificate. Id., § 3, subd. 3, also § 8. The association, when formed, has no other residence or domicile than that designated under the provisions of the act in the certificate, and that substantially and effectually renders it a corporation of the State within which it may be located, formed under that portion of its laws which, under the constitution, have been enacted for its inhabitants by the general government. As such, it is to be presumed, under the construction given to the act of congress providing for the removal of causes, to be created and formed by citizens of the State in which it may exist, and for that reason to be a citizen of the State within the meaning of that act. *Louisville, etc., R. R. Co.* v. *Letson,* 2 How. (U. S.) 497 ; *Stevens* v. *Phœnix Ins. Co.,* 41 N. Y. 149, and cases referred to in the opinion.

The act of congress of July 27, 1868, does not deprive the defendant, although itself a banking association organized under the United States Banking Laws, of its right to insist upon the removal of the cause. That act provides for the removal of actions brought against corporations organized under a law of the United States, or any of their members in a new class of cases not

within the other provisions of congressional legislation on this subject. And it permits that to be done when the defendant states in the petition that a defense exists arising under or by virtue of the constitution or any treaty or law of the United States. From this privilege banking associations organized under the laws of the United States are excluded by an exception contained in the act. 15 U. S. Statutes at Large, 256, 257. But the exception by its terms extends no further than the subject-matter of the act in which it is contained, and consequently can have no effect upon the provision made for the removal of causes in other cases by the preceding law. It simply left these associations unaffected by its provisions, and entitled to the privileges provided in this respect for suitors by other acts of congress. And among them the right of removing the action into the circuit court of the United States, when the circumstances of the case appear to be such as are required to justify that proceeding.

By the act under which the application was made in this case, the petition was required to be filed at the time of entering the defendant's appearance in the action (1 U. S. Statutes at Large, 79, § 12), and that, it is claimed, was not done in this case. Other objections of a mere formal nature were relied upon by way of answer to the application. They were predicated upon defects in the copies of the papers served upon the plaintiff's attorneys; but as they did not exist in the papers themselves, on which the application was made, they were very properly disregarded upon the hearing. The more substantial objection was placed upon the circumstance that a notice of the defendant's appearance was served in the action on the 15th day of December, 1873, while the petition itself was not presented until the seventh of the following January; and upon that reason the court denied the application for the removal of the cause, holding that the appearance was entered within the meaning of the terms used in the law at the time when the notice itself was served.

But this was a mistaken view of the provision requiring the petition for the removal of the cause to be filed at the time of entering the defendant's appearance; for the mere notice of appearance was not the entering of an appearance required by the act of congress. That by Rule 7 of this court is something more than the mere service of a notice. It contemplates an act to be performed on the filing of the notice with proof of its service. Upon that being

done, the Rule authorizes the defendant's appearance to be entered as of the time when the notice itself was served. The notice was simply a notice of the defendant's appearance, without an entry of it; and was no more than the notice of retainer, which, under the preceding practice, the defendant was authorized to serve in the action, which was held insufficient to constitute the entry of appearance required by the act of congress providing for the removal of causes into the United States circuit court, on the ground on which the right is claimed in this action. *Norton* v. *Hayes*, 4 Denio, 245.

No other act appeared to have been performed on the part of the defendant, before the filing of the petition, from which it could be claimed that an appearance of the defendant had been entered, while the petition contained the statement that it then entered its appearance, and had not done so before; and the order requiring the plaintiff to show cause why the application should not be granted recited the fact that the defendant, on the day of its date, had entered its appearance, and at the same time filed its petition for the removal of the cause, and offered the security required by the act, by a bond then filed; and as there was no contradiction of this statement, it should be accepted as true, as long as the mere service of the notice was not the entry of an appearance. *Porter* v. *Bronson*, 20 How. 292; *Rugg* v. *Spencer*, 59 Barb. 388.

No appearance appeared by the papers to have been previously entered, and this statement, as well as the other to the same effect contained in the petition, sufficiently showed its entry at the time when the order was made, to constitute a performance of what the act of congress required to be done in that respect.

But if it did not, procuring the order and making the motion were equivalent to the entry of an appearance, within the technical meaning of those terms; for by such acts the defendant of necessity appears in court. They could not be performed without an appearance in court, as well as an appearance in the action. This was substantially held in the case of *Ayres* v. *Western R. R. Co.*, 48 Barb. 132, where obtaining an order extending the time to answer was considered to be the entry of an appearance, and for that reason sufficient to justify the denial of a motion afterward made for the removal of the cause. See also *Cooley* v. *Lawrence*, 12 How. 176.

The provisions of the act of congress were complied with in all

other particulars, and an order should therefore have been directed for the removal of the cause. The order appealed from should be reversed, with costs, and an order entered directing the removal of the cause into the circuit court of the United States.

DAVIS, P. J., concurred.

BRADY, J., dissenting. The twelfth section of the judiciary act, which relates to the removal of causes from the State to the federal courts, provides that if the defendant, among other things to be made apparent, "shall, at the time of entering his appearance in such State court, file a petition, etc., it shall then be the duty of the State court to accept the surety and proceed no further in the cause." The right of removal, however, is purely statutory, and when the defendant attempts to exercise it he must show that he has complied with the law in its requirements. He must at the time of entering his appearance, which is the first step, file his petition; and the question which is suggested, *in limne*, on this appeal, is whether the defendants' appearance was entered, in this action, in the manner provided by the rules and practice of this court. It is not pretended that any thing more was done on that subject than the service of a notice of retainer on behalf of the defendants, and the presentation of the petition containing a statement "that the petitioner does now enter his appearance in this action, but has not done so before." The notice of retainer, however, was not claimed by the defendants to be an appearance. The defendants aver their appearance when the petition was signed or presented, and not before. It is not pretended either that any rule was entered by the defendants on the subject, either on their own behalf, or by the plaintiffs' attorney, under Rule 14 of this court. The appearance of the defendants was not entered, therefore, when the petition was presented. *Redmond* v. *Russell*, 12 Johns. 153; *Norton* v. *Hayes*, 4 Den. 245; *Bristol* v. *Chapman*, 34 How. 141; *Field* v. *Blair*, 1 Code R. N. S. 292; *Durand* v. *Hollins*, 3 Duer, 686; *Cooley* v. *Lawrence*, 5 id. 605. See also *Fairchild* v. *Durand*, 8 Abb. 305, note.

In *Bristol* v. *Chapman* the defendant went into court at special term, and caused his appearance to be entered in the minutes of the court. The appearance was held to be irregular. The court said, MORGAN, J., delivering the opinion : "The rules of this court

have prescribed the manner in which the defendants may appear, and what shall be deemed an appearance. This is by service of notice of retainer, on filing which the defendant may doubtless enter his appearance in the clerk's office, and at the same time file his petition."

In *Norton* v. *Hayes* it was held that notice of retainer was not "entering his appearance" within the terms or meaning of the act of congress, but that entering an appearance with the clerk at the time of filing the petition was a compliance, and BEARDSLEY, J., said these being done at one and the same time, the application for the removal was made in due season. The case of *Redmond* v. *Russell, supra,* was cited by him to sustain the proposition just stated. In the latter case SPENCER, J., said: "This is not a case in which the comity of the court is to be exercised; if the defendant is not strictly entitled to have his cause removed, we are bound to maintain our jurisdiction. The plaintiff has as strong a claim to have his cause retained here as the defendant can have to remove it. The whole point turns upon the question when did the defendant enter his appearance." The court thereupon declared that the entering an appearance and filing the petition are to be simultaneous acts.

In *Durand* v. *Collins* it was held that the execution of an undertaking upon arrest was not, in theory or in fact, an act done in court; that the party's appearing by the filing of special or common bail, which prevailed prior to the Code, had no application to proceedings under the Code, and that no appearance was formally or actually entered in the action until the defendant entered his appearance with the clerk of the court, which he had done at the time he filed his petition to remove the cause. In *Cooley* v. *Lawrence,* the question, What is an appearance in a State court? is considered somewhat elaborately; and it is said that what is held in such court to be a submission to its authority in the cause, whether coerced or voluntary, must be deemed an appearance; and, further, when such submission has once been made it cannot be retracted. The appearance of the defendant in that case was declared perfected by his submission to the court of a material question upon affidavits and argument, namely, the continuance of an injunction against him.

The result of these considerations is, that in order to enable a defendant to remove his case from this court to the federal court,

he must enter his appearance according to the rules and practice of this court, and at the same time file, or at least present, his petition. The defendants not having entered such an appearance were not regular in their proceeding to remove the cause, and the motion in the court below was properly decided. If the defendants claimed that the service of a notice of retainer was an appearance within the act of congress, under the practice which prevails in this court, then their application was too late, as it was not made until several days after such notice was served. They make no such claim. They insist, on the contrary, as already suggested that it was not an appearance, and rely, therefore, on the incident of the proceeding to remove indicated by the statement "they now enter their appearance" contained in their petition.

The petition was not, nor was any thing contained in it, an appearance such as contemplated, nor did it amount to an appearance. It was of no greater significance than the service of a notice of retainer — which, for the general purposes of an action, is, under our Code, a sufficient appearance — or of the execution of an undertaking, which, as we have seen, is not an appearance. It was not entering an appearance, either in theory or in fact, and was, in form, a proceeding unknown, and, by analogy to the case of *Bristol* v. *Chapman, supra,* irregular.

It follows, therefore, that the defendants' proceedings were premature, and the order made at special term should be affirmed.

*Order reversed.*