# SUPERIOR COURT.

James E. Cooley and John Keese, respondents, agt. William Beach Lawrence and William B. Lawrence, Jr., appellants.

In removing a cause from the state courts to the circuit court of the United States, the act of congress requires that it be made to appear to the satisfaction of the state court that a suit is commenced by a citizen of the state in which the suit is brought, against a citizen of another state; next, that the matter in dispute exceeds the *sum* or *value* of $500, exclusive of costs.

*Again:* the defendant shall, *at the time of entering his appearance in such state court*, file a petition for the removal of the cause for trial into the next circuit court to be held in the district where the suit is pending, and offer good and sufficient surety for his entering in such court, on the first day of its session, copies of said process against him; and also for his there appearing and entering special bail in the cause, if special bail was originally requisite therein.

The *jurisdiction* of the state courts, and that of the United States courts, is *concurrent.* And it is an admitted rule that, in cases of concurrent authority, the tribunal which first obtains jurisdiction, and is competent to administer it, will retain it, and another will not interfere. The act of congress, however, confers a privilege innovating upon this rule, and prescribes how and when this privilege may be exercised. Therefore the *statute* must be, in its fair construction, pursued, or the acknowledged jurisdiction of the first tribunal must be sustained.

Now, what is the meaning of the phrase "*entering his appearance in the state court,*" which the statute employs? (*The authorities upon this question fully examined.*)

*Held,* that the entry of an appearance in a state court must be interpreted by the course and practice of that court; and that what is held in such court to be a submission to its authority in the cause, whether coerced or voluntary, must be deemed an appearance. And further, when such submission has once been made, it cannot be retracted.

Therefore *held,* where the defendants appeared by counsel in open court, upon the argument of a motion for injunction—read affidavits to oppose it—the endorsement of such affidavits with the names of the attorneys of the parties, and a recital of all this in an order of the court, that few acts could be more conclusive of an *appearance* in the state court.

Cooley & Keese agt. Lawrence & Lawrence.

General Term, Oct., 1855.

Present, OAKLEY, Ch. J., DUER, BOSWORTH, CAMPBELL and HOFFMAN, Justices.

APPEAL from an order denying a motion to remove the cause to the circuit court of the United States, and to stay proceedings.

PETER Y. CUTLER, for respondents.
JAMES N. PLATT, for appellants.

By the court—HOFFMAN, Justice. William Beach Lawrence, one of the defendants in this action, had granted a lease to the plaintiffs of certain premises in the city of New-York, with covenants of renewal. He made the usual affidavit of the tenants' holding over after the expiration of the term, and obtained from a justice a summons to show cause why possession of the premises should not be delivered to him, under the statute of this state.

While the proceedings before the justice were pending, the plaintiffs herein commenced their action, and in their complaint set forth the covenants of renewal in the lease, and averred a fulfilment of all the covenants binding upon them, and stated a demand for a renewal of the lease according to its provisions. They asked judgment for a specific performance of such covenants of renewal, and an injunction to restrain the defendants from further prosecuting their proceedings for obtaining possession in the justice's court.

An order to show cause why an injunction should not issue was granted by one of the justices of this court, with a temporary injunction to restrain the proceedings until such application could be heard. This order, with the summons and complaint, were personally served upon both defendants. They appeared upon the return-day, the 10th of May, 1855, by their counsel, to oppose the same; and presented and filed with this court an affidavit, entitled in the action, endorsed with the name of Platt, Gerard and Buckley, defendants' attorneys. On this, and the arguments of counsel, the motion was resisted.

On the 16th of May an order of this court was made as follows :—

"An order having been made in the above-entitled action, on the 10th day of May, instant, upon the complaint of the plaintiffs, and the affidavit of James E. Cooley, one of the plaintiffs, requiring that the above-named defendants do refrain from further prosecuting certain summary proceedings which they, as landlords, have instituted, and which were then pending before JAMES GREEN, Esq., the justice of the justice's court for the first district, in and for the city and county of New-York, for the removal of the plaintiffs in this action as tenants, and by G. W. Ackerman, Wm. Wellstood, Henry Peters, J. Ackerman, Lewis Lyman, G. F. Peterson, G. S. Humphrey, W. G. Mickell, P. Girard, F. Orzar, as under-tenants, from the premises Nos. 377 and 379 Broadway, in the city of New-York, now occupied by them, and that the said defendants do refrain from further proceeding in the said matter, and from procuring to be issued any warrant or other process for the removal of the said above-named, or any of them, from said premises; and that the said defendants do refrain from instituting any other proceedings for the removal of the said persons, or any of them, from the said premises, until the further order of this court, and that they show cause on Monday (then) next, the 14th instant, at 10 A. M., why the said injunction order should not be continued until the final judgment in this action; and the said parties having duly appeared, pursuant to the said order, to show cause—and the defendants' counsel having read the affidavits of the defendants, and the plaintiffs' counsel having read affidavits on their part, and on hearing Mr. Cutler for the continuance of the injunction order, and Mr. Gerard in opposition thereto—It is ordered that the said injunction order be continued until the final determination of this action, and that the plaintiffs file an undertaking in the sum of five thousand dollars, to be executed by the plaintiff, Cooley, in addition to the undertaking in the sum of five thousand dollars heretofore made and filed by him in this action,

and that the said bond be executed with sureties in the usual manner."

On the 24th of May, 1855, the defendants filed their petition (with the requisite bond) for the removal of this action into the circuit court of the United States, and to stay all further proceedings on this action. On the 25th of May an order to show cause why such removal and stay should not be granted, was made; and on the 6th of June, 1855, an order was made as follows:—

" The defendants' motion to remove this action into the circuit court of the United States, coming on to be heard, and having been argued by Mr. Platt for the motion, and Mr. Cutler in opposition thereto; and it appearing to the court that the defendants appeared by their counsel and opposed a motion for an injunction, and read and filed papers in opposition to such motion; and the court being of opinion that by so doing the defendants submitted themselves to the jurisdiction of this court, and virtually appeared in this action, and that such appearance was made on the 14th day of May last, and before the said petition for removal was filed, and that it is, therefore, too late to make such application for removal;

" It is ordered, that the said motion to remove the said action to the circuit court of the United States, and to stay all proceedings in this court, be, and the same is hereby denied, without costs."

The case comes before this court upon an appeal from this order; and it has been strenuously and fully argued on behalf of the defendants. It is the first case brought before the general term of this court, and has received a careful consideration.

The act of congress may be thus analyzed: It is to be made to appear to the satisfaction of the state court that a suit is commenced in, by a citizen of the state in which the suit is brought, against a citizen of another state; next, that the matter in dispute exceeds the aforesaid *sum, or value*, of five hundred dollars, exclusive of costs.

Again: the defendant shall, *at the time of entering his ap-*

Cooley & Keese agt. Lawrence & Lawrence.

*pearance in such state court,* file a petition for the removal of the cause for trial into the next circuit court to be held in the district where the suit is pending, and offer good and sufficient surety for his entering in such court, on the first day of its session, copies of the said process against him, and also for his there appearing and entering special bail in the cause, if special bail was originally requisite therein. These pre-requisites being complied with, it shall then be the duty of the state court to accept the surety, and proceed no further in the cause; and any bail that may have been originally taken shall be discharged.

The preceding section of the same act (*Act* 1789, *Ingersoll's Abridg.* § 9, *p.* 87) declares that the circuit courts shall have original cognizance, *concurrent with the courts of the several states,* of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of $500, and (among other cases) the suit is between a citizen of the state where the suit is brought, and a citizen of another state.

The appellate jurisdiction of the supreme court of the United States extends to cases between citizens of one and citizens of another state, only in the cases specified in the 25th section of the act of 1789. (*See Federalist, No.* 82.) A final decision of the highest court of this state upon the merits would not, I apprehend, be appealable. But a decision upon this order, if ultimately affirmed, may be so. There is drawn in question the construction of a statute of the United States, and the decision would be against a right claimed under such statute. At any rate, a final judgment would be reversed if the refusal to remove is error.

This appears to be the result of *Kanouse* agt. *Martin,* (15 *How.* 200,) and of *Gordon* agt. *Longest,* (16 *Peters,* 104.) In the former, the court of common pleas, after a petition filed, appearance entered, and bond proffered, allowed the sum claimed in the declaration to be reduced from $1,000 to $499. The superior court, on writ of error, refused to consider this amendment, as it did not appear upon the record; and the su-

preme court of the United States held this to be wrong, and that the superior court ought to have inspected the proceedings.

No one contests that the jurisdiction of the state courts, and that of the United States courts, is concurrent. It is an admitted rule, that in cases of concurrent authority, the tribunal which first obtains jurisdiction, and is competent to administer it, will retain it, and another will not interfere. It is equally certain that the act of congress confers a privilege innovating upon this rule, and prescribing how and when this privilege may be exercised. It seems to me a manifest deduction that the statute must be, in its fair construction, pursued, or the acknowledged jurisdiction of the first tribunal must be sustained.

In accordance with such a view, the courts of the United States have remanded causes, where the application was too late, or the state court had improperly allowed the removal.

In *Gibson* agt. *Johnson*, (1 *Peters, C. C.* 44,) the defendant allowed two terms to intervene between the time of his appearance and his petition for removal. The state court allowed the petition to be considered as entered on the day of filing the petition. The circuit court refused to entertain the cause. See, also, *Wright* agt. *Wells*, (1 *Peters' C. C.* 220,) where a rule was obtained to show cause why a removed action should not be remanded; and the case of the *Administrators of Belknap* agt. *The Northern Railroad Company*, (25 *Vermont*, 715,) where the cause was, upon motion, remanded, the circuit court not having jurisdiction. (See, also, *Ladd* agt. *Tudor*, 3 *Wood & Minot*, 326.)

In *Ward* agt. *Arredondo*, (1 *Paine's C. C. Rep.* 410,) *Ward*, a citizen of New-York, had filed a bill in equity in New-York against the Arredondos, who were aliens, and Thomas, a citizen of New-York. The latter was held to be not a mere nominal party, and hence it was decided by the circuit court that it had not jurisdiction. A motion had been made by one of the Arredondos to remove the cause; and the present motion was, that his appearance be entered in the circuit court,

which motion was denied, and the cause remanded to the state court.

The right of determining whether the state court will continue to exercise an admitted jurisdiction in a cause, must exist to some extent in that court in the same manner as it exists in the circuit court of the United States, to decide whether it possesses it. In each case the court is governed by the statute, and in each tribunal that statute must be interpreted and applied to the particular case. The state court must be satisfied as to the sufficiency of the surety. It must be satisfied that the sum or value in dispute exceeds five hundred dollars, a question regulated by the amount claimed in the action. (16 *Peters*, 104.) And it is to judge whether the petition has been filed *at the time of entering the appearance* in that court. Thus far a discretion, indeed a duty, is incumbent upon the state court.

The question, then, comes to this: What is the meaning of the phrase, *entering his appearance in the state court*, which the statute employs? The personal appearance in court upon the return of the writ, which was the course at the common law, cannot be the meaning. Previous to the statute of Wesminster 2d, (13 *Edw.* 1, *c.* 10,) both plaintiff and defendant appeared in person. (5 *Barn. & Ald.* 540.)

The appearance by an attorney, which before had been sometimes specially permitted, was sanctioned by the statute in all cases. Still the attorney's appearance was personal, and at last the practice grew up of a constructive appearance. (*Stephens on Pleading*, 29–36.)

Among appearances of this character was that by special bail when required, or by common bail, or by formally entering an appearance with the clerk; or by an attorney serving notice of retainer, where no bail was required. When a defendant had endorsed a promise to appear on a writ non-bailable, the plaintiff's attorney was to enter a common rule. (*Burrill's Pr. vol. I*, 112, 113.)

We find also, that it was once decided that the word *venit*, in a plea, was a statement on record of the defendant's appear-

ance in court. But it was afterwards held that the word *dicit*, without *venit*, was enough: for the defendant's making a defence shows him to be in court. (*Salkeld*, 544; *Comyn's Digest Abatement;* 1 *Stephens*, 480.)

By a rule of the supreme court, of this state, which has long been in force, service of an appearance or retainer by an attorney, shall, in all cases, be deemed an appearance, except where special bail is required. And the plaintiff, on filing such notice at any time thereafter, may have the appearance of the defendant entered *nunc pro tunc*. (*Rule* 26 *of Sup. Court; Rule* 25 *id.*, 1847; *Rule* 7, 1854.)

The notice of retainer was, in *Francis* agt. *Sitts*, (2 *Hill*, 362,) held to have the same effect as if the defendant had actually entered an appearance with the clerk. In *M'Kenzie* agt. *Van Zandt*, (1 *Wend.* 1,) a notice of a motion to be made by an attorney, as attorney for the defendant, was held equivalent to a notice of retainer, and that to an appearance. (*See also Quick* agt. *Merrill*, 3 *Caines*, 133.)

By the 139th section of the Code, from the time of the service of a summons in a civil action, or the allowance of a provisional remedy, the court is deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings. A voluntary appearance of a defendant is equivalent to personal service of the summons upon him.

The summons prescribed by the Code, and used in this case, no complaint accompanying it, does not require a defendant to appear, but only to answer. (§ 128.) By the 130th section, the defendant may compel service of the complaint by causing notice of appearance to be given, where the complaint is not served with the summons. When it is, beyond all doubt an answer, with notice of retainer by an attorney, would be a sufficient appearance.

Under the 139th section, this court has held, that where a defendant served an answer, it was such a voluntary appearance as precluded him from saying that jurisdiction did not appear on the record, on the ground that it did not appear that one of the parties, jointly liable on contract, had been served

with process, or resided within the city. The objection was personal, and cured by such appearance. (*Mahany* agt. *Penman*, 1 *Abbott*, 34.) So in *Higgins* agt. *Rockwell*, (2 *Duer*, 650,) Justice BOSWORTH says, the voluntary appearance of a party subjects him to the same liabilities as if the summons had been personally served upon him; and he acquires all the rights of a party personally served.

What, then, is the entry of an appearance in a state court must be interpreted by the course and practice of that court; and, I think, that what is held in such court to be a submission to its authority in the cause, whether coerced or voluntary, must be deemed an appearance : and further, when such submission has once been made, it cannot be retracted.

With this exposition several decisions in our state will be found to agree, where the motion has been either granted or denied. Thus, in *Jackson* agt. *Cantine*, (4 *John. Rep.* 493,) a landlord was let in to defend after judgment against the casual ejector. At the time of being so admitted, he petitioned for the removal of the cause, being an alien. The order was made, SPENCER, J., dissenting, on the ground that there was no suit against him within the act of congress. It was technically against John Styles, and substantially against the tenant in possession.

In *Redmond* agt. *Russell*, (12 *John. Rep.* 153,) it was held that the petition should be filed at the time of putting in special bail. This had been done on the third of September, and notice of the defendant's intention to apply at the next term was served on the 6th, with a copy of the petition. The petition was not filed until the term of the application. It was held to be too late. THOMPSON and VAN NESS, JJ., *dissented*. Chief Justice SPENCER observes, that it was not a case in which the comity of the court is to be exercised. If the defendant is not strictly entitled to have his cause removed, we are bound to maintain our jurisdiction. The plaintiff has as strong a claim to have his cause retained here, as the defendant can have to remove it. Whenever that is done, which, according to the practice of the state court, amounts to an appearance in that

court, then the petition must be filed. The requirement was intended not only to put the defendant to a prompt election, but to give the opposite party early notice of his intention. THOMPSON, J., thought that the appearance was to be one in open court.

In *Livingston* agt. *Gibbons*, (4 *Johns. C. R.* 94,) the case was this : The defendant, Gibbons, was served with a copy of a bill of complaint, and notice of a motion for an injunction. He appeared by counsel, and produced an answer duly sworn to, and subscribed by counsel. This was not allowed to be used as an answer, but was as an affidavit. It was used and filed as a defence to the motion. The Chancellor held that this was such an appearance as precluded him from subsequently removing the cause. He had submitted to the consideration of the state court the merits of the case, in part, at least.

The Chancellor said that the question was, whether the defendant had not elected his tribunal, and submitted to the jurisdiction? He was to be considered as having appeared on the record of the court. He adverts to the practice in chancery of an appearance with the register. The case of *Attorney-General* agt. *Pearson*, (7 *Simons*, 302,) furnishes an example of such an appearance.

Notwithstanding the cases before referred to, of a notice of retainer, or of a motion being equivalent to an appearance, it has been expressly decided by the supreme court, that a mere notice of retainer, and notice of a motion to set aside a *capias*, was not such an appearance as would prevent a removal. (*Norton* agt. *Hayes*, 4 *Denio*, 245.) The defendant did not endorse his appearance on the *capias* or give bail, but the writ was returned served. Notice of retainer was given on the 1st of December, and on the 23d an appearance was entered with the clerk, and the bond and petition was filed.

In *Field* agt. *Blair*, (*Code Rep. N. S.* 292, 361,) the defendant gave notice of his appearance on the 8th of December, and demanded a copy of the complaint. On the 24th he caused notice of appearance to be filed with the clerk, and presented his petition. This was held to be in time. Justice MITCHELL

Cooley & Keese agt. Lawrence & Lawrence.

said, that the entering an appearance was not an act between the attorneys merely, but is between the defendant and the court. The seventh rule of the court is also criticised and explained.

Without attempting to question these decisions, or to say they do not appear entirely consistent with the authorities before cited, the distinction between them and the present case is manifest and broad. The defendants' act was an open one, *between them and the court.*

The views taken by Justice SPENCER and Chancellor KENT, in the cases cited, are consistent with decisions or opinions expressed in the supreme court of the United States. Thus, Mr. Justice CATON, in the case of *Randle* agt. *The Delaware & Raritan Company,* (14 *Howard,* 80,) where he speaks of the injustice of citizens of another state being forced into the state courts, as tending to deprive them of the benefits of the constitution, speaks of it as being done without the power of election. And Mr. Justice GRIER, in *Marshall* agt. *The Baltimore & Ohio Railroad Company,* (16 *Howard,* 329,) while he condemns the interpretation of the act as if it were a penal statute, to be construed by its very letter, without regard to its meaning and spirit, yet speaks of it as conferring a privilege, and that the *right of choosing* an impartial tribunal is a privilege of no small practical importance.

All these authorities show that the question is, whether the appearance of the defendant has been an act importing that he submits the determination of a material question of his case to the judgment of the court. It appears to us that few acts can be more conclusive than an appearance by counsel in open court, upon the argument of a motion for injunction, the reading of affidavits to oppose it, the indorsement of such affidavits with the names of attorneys, and the recital of all this in an order of the court. And, especially, when this appearance and this resistance is to decide the chief, if not the only point of controversy in the cause.

The order appealed from must be affirmed, with costs.