## SUPERIOR COURT.

### WILLIAM H. DISBROW agt. SPENCER B. DRIGGS.

The superior court in the city of New-York have adopted the rule not to grant the removal of a cause to the United States courts, without *notice* or *order to show cause.*

A notice of *retainer* given by an attorney for the defendant does not prevent an application for the removal of the cause into the United States court. Nor does an agreement of the plaintiff and his attorney with the defendant, giving him *further time to answer,* prevent such an application.

In removing a cause on such an application, the state courts must be satisfied of two things. 1st. The *alienage* or *citizenship* in another state of the petitioner. 2d. That the *sum* in dispute exceeds $500.

The mode of ascertaining these facts must be open to each court. No doubt the ordinary and general mode would be by *affidavits.* But in every case where it can be applied, it is settled that the *demand* of the plaintiff in his *declaration,* decides the *sum* in dispute.

*Special Term, September 26th,* 1858.

MOTION to remove a cause into the circuit court of the United States.

HOFFMAN, Justice. ˙The agreement of the plaintiff and his attorney, made upon the application of the defendant as well as his attorney, that the defendant have further time to answer, there being no notice of appearance given nor any other step taken on the part of the defendant, is not the *entering* of an appearance, so as to preclude the application to remove the cause, under the act of Congress. (5 *Duer,* 605 ; 3 *Duer,* 686.)

2. It is settled in our state, that a notice of retainer given by an attorney for the defendant, does not prevent the application. (*Cases cited, ibid.*)

3. The state court is to be satisfied of two things; first, the alienage or citizenship in another state of the petitioner ; next, that the sum in dispute exceeds five hundred dollars. It is

true, that the language appears to refer to the latter fact only, but the true interpretation must be, that both facts, the establishment of which renders it the duty of the state court to make the order, are to be made out to its satisfaction.

4. The mode of satisfying the court is not prescribed or indicated. As to the sum in dispute, the court of common pleas in *Kanouse* agt. *Martin*, received an affidavit of the plaintiff as to what was demanded, and Chief Justice BRONSON approved of the course, and adopted the conclusion. But the court in that case permitted the declaration to be amended after a petition to remove had been presented, reducing the damages below $500, and this was held by the supreme court of the United States, to be error. (15 *Howard's U. S. Rep.* 257, 1853.)

A similar course had been taken in a case in Massachusetts, to that pursued in *Kanouse* agt. *Martin*, in New-York. (*Ladd* agt. *Tudor*, 3 *Minot & Woodbury*, 328, 1847.) Whether it would be justified under the decision in 15 *Howard*, may admit of doubt. The rule then is settled that the demand of the plaintiff in his declaration, decides the sum in dispute.

But in cases where this test is not applicable, the mode of satisfying the court must be open to its own course of proceeding in ascertaining facts. No doubt, the ordinary and general mode would be by affidavits. Under our system, a reference could be had, I think, in a proper case of difficulty, under the 271st section of the Code.

5. These observations apply equally to the other fact to be made out, viz: citizenship or alienage. In the case of *Ladd* agt. *Tudor*, before cited, the learned judge noticed the sworn petition as the first piece of testimony of a residence in New-Hampshire; next, that the plaintiff had in his writ described the defendant only as *cormorant* in Massachusetts; and lastly, observed that the plaintiff had not denied the allegation of the petition in any affidavit. I do not doubt, that the fact of citizenship is a fact which may be traversed, and if traversed, is to be inquired into and passed upon by the court, in one or other of its methods of ascertaining facts.

6. These and other considerations, have led to the adoption of the rule in this court, not to grant an order of removal, without notice or on order to show cause.

In the present case, I am satisfied, upon the affidavits, that the residence and citizenship of the defendant elsewhere, is made out.