## BELL v. LYCOMING FIRE INSURANCE COMPANY.

*Practice — removal of cause from State to United States court — agent may verify petition for — amount of surety required.*

Upon the removal of a cause from the State to the United States court, the amount of surety to be taken is a matter in the discretion of the court to which the petition is presented, and will not be reviewed by the general term except in an extraordinary case.

The defendant was an insurance company incorporated under the laws of Pennsylvania. *Held,* that the general agent of defendant in this State could verify a petition for the removal of the cause to the United States court.

Bell v. Lycoming Fire Insurance Co.

APPEAL by plaintiff from an order at special term removing the cause from the Supreme Court of the State of New York to the Circuit Court of the United States for the northern district of New York, under the act of congress of 1789.

The action was brought by Ira Bell against the Lycoming Fire Insurance Company to recover for a loss upon a policy issued by defendant upon machinery owned by defendant and which was destroyed by fire.

The plaintiff was a resident of this State, the defendant, a corporation organized under the laws of Pennsylvania, and the amount of the insurance $700.

The motion was made upon a petition showing the residence of the respective parties, and that the matter in dispute exceeded $500 in value, signed by the general agent of the defendant in this State.

Defendant offered security in the sum of $700 for its appearance, etc., in the Circuit Court. The motion was granted and the security offered accepted, and plaintiff took this appeal.

*Magone & Holbrook*, for appellant.

*Richardson & Adams*, for respondent.

Present — LEARNED, P. J., and BOARDMAN, J.

LEARNED, P. J. The amount of surety to be taken is a matter in the discretion of the court to which the petition is presented. It could never be reviewed here, unless, perhaps, in some extraordinary case. In the present instance the surety was a little less than the claim. As a general rule it would seem just that it should equal the claim and accrued costs.

The petition was signed by the general agent of the company in this State, and it is objected that this is insufficient to constitute a petition by the defendant.

If we look at the judicial act of the United States of 1789, we shall see that it was drawn with reference to those modes of practice in which every step in a cause is taken in open court. The appearance, the filing of the petition, the offering of surety and the acceptance by the court are to be simultaneous. And as this last act is one which requires the personal act of the judge, it is plain that all these acts were, in the minds of the framers of the law, to

Bell v. Lycoming Fire Insurance Co.

be done in term time. Our practice has rendered a modification necessary. The law is silent as to the manner of executing the petition. It does not, in terms, require a signature or a verification. The object of the petition seems to be to show that the defendant at the first moment when he is authorized to take any step, that is at the very time of appearance, claims the right to remove his cause.

Now, upon the appearance of a defendant by an attorney, the attorney is authorized to represent the defendant. And where such an attorney files a petition in the name of the defendant and presents it to the court, signed by one who is the general agent of the defendant, with an affidavit attached showing affirmatively the authority of that agent, it would be unreasonable to hold, as matter of law, that such a paper was not the petition of the defendant. Of course there might be cases of fraud or falsity. But nothing of that kind is pretended here. There is no suspicion that the petition was not filed and presented by the authority of the defendant. It was filed by their attorney in the case as a part of his proceedings therein. And though it may be better in cases of this kind that the petition should be executed by the principal officers of the company, yet, after all, they are only agents of a higher position. In *Vandevoort* v. *Palmer*, 4 Duer, 677, the petition was signed only by the attorney in the action and it was held to be sufficient.

However objectionable to plaintiffs this right of removal may be, still it is the law. I do not think that the State courts should try to defeat it by technicalities; where, in a proper case and in due season, the defendant has insisted on his right.

The order appealed from should be affirmed, with $10 costs.

*Order affirmed.*

NOTE. — The following case which was decided at the Herkimer Special Term, September, 1874, the decision being affirmed at the General Term of the Fourth Department, held in January, 1875, presents an important point upon the subject involved in the foregoing case.

SHAFT V. PHŒNIX MUTUAL LIFE INSURANCE COMPANY.

Motion by defendant to remove cause to the United States court.

The action was brought by Henry Shaft and others, residents of this State, against the defendant, a foreign corporation. The requisite petition and bond were prepared on the 20th of July, 1874, and filed, with the appearance of the defendant, on the 21st of July, and served upon the plaintiff's attorneys.

The defendant, upon an affidavit of merits and other papers, applied to a justice of this court for an order extending the time to answer until the hearing and decision of this motion. The order also, with affidavit, was served on the 21st of July, 1874.

*S. Earl*, for the motion.

*Beardsley, Cookingham & Burdick*, for plaintiffs, opposed.

HARDIN, J. The affidavit and petition contain no averment that the person making the same is authorized to apply for a removal of this cause from this court. Such averment has been held essential, and it has been also held that such authority will not be implied in cases where the application is in behalf of a corporation. *Dodge* v. *N. W. P. Co.*, 13 Minn. 458; *Fisk* v. *Union Pacific R. R. Co.*, 10 Abb. N. S. and note, 475. In the case cited, it was held that even a secretary is not presumed to be authorized.

It has been held that an agent may verify the petition. *Vandevoort* v. *Palmer*, 4 Duer, 677. But he should show that he was authorized.

It has been held that if a submission to the authority of the State court has once been made, the submission cannot be retracted. *Cooley* v. *Lawrence*, 5 Duer, 605; S. C., 12 How. In that case the party had actually appeared in court and contested the plaintiff's right to an injunction, before filing the petition, and it was therefore very properly held that the application for removal was too late. In that case the order became operative when it was served, and the service was contemporaneous with the bond and petition and formal appearance.

There was no period of time prior to the filing of the petition and bond and notice of appearance, or prior to the service of them, with the order extending the time when the plaintiffs were affected by the order made by a justice of this court. *Bristol* v. *Chapman,* 34 How. 141.

The application *ex parte* for the order extending time to answer was not in court or to the court. Besides, the order was an improvident, not to say void, one, as it undertook to extend the time more than twenty days.

Upon the ground first stated, and following the case there cited, the motion is denied, with $10 costs.

*Motion denied.*