WILLIAM HORTON, AMOS R. CLARK AND JOHN F. W. MANGLES, RESPONDENTS, v. ELEAZER L. FANCHER AND ARTHUR W. FANCHER, APPELLANTS.

*Warrant of attachment — when justice of the peace may issue — what evidence not sufficient to authorize.*

The facts that a debtor is insolvent, that he has turned over to two creditors portions of his goods amounting to less than one-half of their respective debts ; that he refuses to turn over any goods to the plaintiffs or to pay the amount due to them, that he is selling off his stock in trade and not likely to continue his business, do not furnish sufficient evidence to authorize a justice of the peace to issue a warrant of attachment against him, on the ground that he has disposed, or is about to dispose, of his property with intent to defraud his creditors.

APPEAL from a judgment of the County Court of Westchester county, affirming a judgment of a justice of the peace in favor of the plaintiff.

*Close & Robertson,* for the appellants.

*Robert S. Hart,* for the respondents.

DYKMAN, J.:

This is an appeal from a judgment of the County Court affirming a judgment of a court of a justice of the peace. The action was commenced in the lower court by attachment, and the contention is that the affidavit which was the foundation of the attachment is insufficient to support it. The determination of this appeal depends, therefore, upon the affidavit which was presented to the justice and on which the attachment was granted.

There are two classes of cases in which attachments against the property of a debtor may issue from a court of a justice of the peace in this State on the application of a creditor. One under the Revised Statutes, whenever it shall satisfactorily appear to the justice that such debtor has departed or is about to depart from the county where he last resided with intent to defraud his creditors, or to avoid the service of any civil process, or that such debtor keeps himself concealed with the like intent. (2 R. S., 230.) The other is under the act to abolish imprisonment for debt. (Laws 1831, chap. 300, sec. 34, as amended by chap. 107, laws 1842.) It is therein provided that in addition to the cases in which suits may now be commenced before justices of the peace by attachment, any suit for the recovery of any debt or damage arising upon any contract, express or implied, or upon any judgment for one hundred dollars or less, may be so commenced whenever it shall satisfactorily appear to said justice that the defendant is about to remove from the county any of his property with intent to defraud his creditors, or has assigned, disposed of, secreted, or is about to assign, dispose of or secrete any of his property with the like intent, whether such defendant be a resident of the State or not. (3 R. S., 6th ed., p. 434, § 219.)

This attachment was applied for under the act to abolish imprisonment for debt; and to give the justice of the peace jurisdiction and the legal power to issue it, it was necessary for him to have proof upon which he could judicially determine either that the defendants were about to remove from the county some of their

property, with intent to defraud their creditors, or that they had assigned, disposed of or secreted, or were about to assign, dispose of or secrete some of their property with the like intent.

In this case there was no such proof. In the first place there was the affidavit of William Horton that the defendants had disposed of and were about to dispose of their property, as appeared in the affidavit of Cyrus W. Ferris thereto annexed, with intent to defraud; no fact, act or circumstance is stated from which such an intent can be inferred or which shows that the affiant knew of its existence. In this case, as in all others, the inference of the law is in favor of innocence, and unless facts and circumstances are given to show a fraudulent disposition, the law will presume that all dispositions of property by the defendants were honest, for the purpose of paying their debts or supporting their families. Besides, this affiant does not pretend to know any facts, but refers to the affidavit of Ferris for the facts upon which he relies.

Ferris states in his affidavit that the defendants are, as he believes, in failing circumstances; that on the 7th day of January, 1877, he had an interview with E. L. Fancher, one of the defendants, in which he told him that their liabilities were about $7,000 and their assets about $2,500; that about January 15th, 1877, the defendants had turned over a portion of their stock, amounting to about $300, to the firm of Sellick & Brothers, who are creditors to the amount of about $700, and on the same day they turned over to George Holmes, another creditor to the amount of about $900, some four hundred dollars' worth of their stock; that he offered to take stock in payment of the plaintiff's claim, which the defendants refused; that they declined to pay the plaintiff's account, and are selling off their goods and property as rapidly as possible, sometimes in large quantities to different creditors, as stated, and are not likely to continue in business; that from the manner in which the defendants are disposing of their property he believes they intend to protect certain creditors by surrendering their stock and property to them, and to leave other creditors unprovided for, and thus to avoid a fair and equitable division of their property among their creditors, and thereby disposing of their property to defraud their creditors.

This affidavit is thus given substantially at length, to show how entirely destitute it is of fact or circumstance showing fraud or fraudulent intent. Every allegation in it is entirely consistent with good faith and honest intention. There is no fact to authorize the justice to whom it was presented to decide that any ground existed for the issue of an attachment.

It follows that no case was made for the issue of an attachment by the justice, and that the judgment of the county court, and that of the court of the justice of the peace, must be reversed with costs.

GILBERT, J.:

We think there was a total defect of evidence to show that the defendants had disposed of, or were about to dispose of their property, with intent to defraud their creditors. They were insolvent, and they had turned over to two creditors portions of their goods, amounting to less than one-half of their respective debts, and had refused to turn over any goods to the plaintiff, or to pay their account against him. These are all the facts stated in the affidavit to show the fraud alleged. They do not, in our opinion, have any tendency to prove that allegation. A preference of one creditor over others, is not a fraudulent act. It may be avoided by proceedings in bankruptcy, but it will not suffice to sustain an attachment issued on the ground of actual fraud. The most liberal intendment in favor of the jurisdiction of the justice, fails to justify the indispensable inference of a fraudulent intent. (*Miller* v. *Brinkerhoff*, 4 Denio, 118; *Smith* v. *Luce*, 14 Wend., 237.)

On the appearance of the defendants before the justice, they moved to dismiss the action, on the ground of the insufficiency of the affidavits on which it was granted. We think the justice erred in denying that motion, and that the subsequent pleading to the merits was not a waiver of the objection. That act might have been deemed a waiver in a proceeding between the creditor and third parties, but it had not that effect against the defendants themselves. (*Wheeler* v. *Lampman*, 14 Johns. R., 481; *Avery* v. *Slack*, 17 Wend., 85; *Shannon* v. *Comstock*, 21 id., 457; *Sullivan* v. *Frazee*, 4 Rob., 620.)

For the error stated, the judgment should be reversed with costs.

BARNARD, P. J.. concurred.

Judgment reversed with costs.