ALICE MULLIN and THOMAS MULLIN *vs.* F. BLUMENTHAL & Co.

*Application for Removal to United States Circuit Court—Narr Amended—Practice.*

Damages laid in the narr at $5,000; application made by defendant for removal to United States Circuit Court; motion by plaintiff to amend narr by substituting $1,950, instead of $5,000, as the measure of damages. Amendment allowed.

*(January 3, 1898.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.
*John Biggs* for plaintiffs.
*Willard Saulsbury* for defendant.

Superior Court, New Castle County, November Term, 1897.
ACTION on the case. Damages laid in the narr at five thousand dollars.

On January third Mr. Saulsbury appeared in court on behalf of the defendant, with a petition upon which he stated he proposed to make an application to have the case removed to the United States Circuit Court for the District of Delaware, but stated to the Court that on coming to the Court House he had seen Mr. Biggs at the latter's office and told him that he proposed to make the application for removal and was informed by Mr. Biggs that he would prepare an amendment to his narr which he proposed to ask leave of the Court to file and that Mr. Biggs was preparing said amendment when he left him.

The Court declined to entertain the application of Mr. Saulsbury for removal until Mr. Biggs' arrival. Mr. Biggs then appeared in court and asked leave to amend his narr reducing the amount of damages claimed from five thousand dollars to one thousand nine hundred and fifty dollars.

*Mr. Saulsbury* objected to the amendment, contending that he should first be permitted to make his application for removal; that if Mr. Biggs was allowed to amend his narr it would be depriving the defendant of the opportunity of making his applica-

tion for removal, inasmuch as the jurisdiction of the United States Circuit Court was limited to cases involving $2000 and upwards.

*Mr. Biggs* contended that if the plaintiffs were willing to reduce their claim from five thousand dollars to one thousand nine hundred and fifty dollars and let the case remain in the Superior Court, they had a perfect right to do so; that he only learned a few moments before that an application was to be made for removal from the Superior Court and that this was the first opportunity he had had of offering the amendment to his narr; that the amendment could certainly be no hardship upon the defendant and that it was the practice of the court having assumed jurisdiction to retain it; that the effect of a removal would be a further continuance of the case; and that the plaintiffs were entitled to general leave to amend, and therefore he asked the privilege of filing the amendment to the declaration.

LORE, C. J.:—This amendment ought to be allowed. This suit is brought in this Court. The plaintiffs have a right to stay in this Court if their amendment is allowed before the application for removal is filed. We must assume that you are dealing fairly. We will impugn no one's motives.

We think we ought to allow the amendment to the narr: I should be very much disinclined to oust the jurisdiction of this Court after the Court has once properly assumed jurisdiction. We decline to make the order for removal now. Of course after the amendment has been granted the suit it not within the terms of the statute authorizing the removal of cases to the Circuit Court of the United States.

SPRUANCE, J:—I think that that amendment ought to be allowed. Mr. Saulsbury comes in and tells the Court that he wishes to file the papers for removal, at the same time telling the Court that Mr. Biggs is in town, that he saw him a few minutes since, told Mr. Biggs that he proposed to file the application for removal, and that Mr. Biggs told him that he intended immediately to make an application for amendment to his narr reducing the amount of damages claimed. Now it happened that Mr. Saulsbury got here to the Court first, but we did not allow Mr. Saulsbury to file his papers. There is no application for removal

filed in this court. On the contrary we thought it was but cour-
teous in us to have Mr. Biggs in court, especially as Mr. Sauls-
bury had informed us that Mr. Biggs had advised him that the
latter proposed to offer his amendment in this court. Now Mr,
Biggs comes into court and makes his application, and we grant
it, as we have a perfect right to do. There has nothing hap-
pened which takes this case out of our jurisdiction, no papers
have been filed, and it seems to me we are doing for Mr. Biggs
no more than what is our plain duty to do. He offers his amend-
ment and we grant it, and if anybody has anything to say as to
any application for removal we will now hear it.