CONRAD HUBERT, Respondent, v. SERGIUS APOSTOLOFF, Appellant.

First Department, April 7, 1922.

Pleadings — amended answer returned by plaintiff but accepted later by order of court — time to serve amended complaint, as of course, runs from date of original service of answer.

The time for the service of an amended complaint, as of course, begins to run from the date of the original service of an amended answer, although such amended answer is returned by the plaintiff and is thereafter accepted by him because required by an order of the court.

APPEAL by the defendant, Sergius Apostoloff, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of January, 1922, compelling defendant to accept service of an amended complaint.

*L. E. Schlechter [Charles A. Brodek of counsel], for the appellant.*

*C. Bertram Plante, for the respondent.*

SMITH, J.:

The amended complaint was one served as of right, claimed to have been served within twenty days after service of the amended answer. The ground of the refusal of the defendant to accept the amended complaint was that it was not served within twenty days from the date of the service of the amended answer.

The amended answer was served and was returned improperly. Thereafter the court required the plaintiff to accept the amended answer. The amended complaint, amended, as of course, was served within twenty days from the date of that order requiring the plaintiff to accept the amended answer. The contention of the defendant is that, even though the amended answer was originally returned and was thereafter accepted by the plaintiff by the order of the court, the time for the service of the amended complaint as of course began to run as of the time of the original service of the amended answer.

By refusing to accept an answer for no valid reason, plaintiff

could not extend his time to serve an amended complaint as long as it might be necessary to get a court order compelling him to accept that amended answer. Moreover, it is not necessary to move to compel a plaintiff to accept an amended answer. If a proper answer is properly served, the defendant may stand upon that answer at the trial, whatever the plaintiff's attorney may have done with it. Of course, if he does not move to compel the plaintiff's attorney to accept it, he takes his chances of having it held at the trial that it was not properly served.

While the point is a technical one, nevertheless I am of the opinion that the point is well taken and that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Dowling, Laughlin, Merrell and Greenbaum, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.