NEW ENGLAND TIRE & SALES CO., INC., Respondent, *v.* KELLY-SPRINGFIELD TIRE COMPANY, a New Jersey Corporation, Appellant.

Second Department, May 15, 1925.

**Removal of causes — removal to Federal courts — question is to be determined on record at time of application — return day of notice is date of application — amended complaint served before return day reduced amount of damages from $25,000 to $3,000 — Federal court has no jurisdiction under United States Judicial Code, § 24, subd. 1.**

An application to the State court to remove a civil action to the Federal courts is to be determined from the face of the record at the time the application is made, and in determining the question the court should consider the entire record.

The date of the application is the date when the notice of removal is returnable, and the petition will be considered as having been filed and presented on that date.

Where, prior to the return day of the notice of removal, the plaintiff amends the complaint, which originally demanded $25,000 damages, so as to demand $3,000 damages, the court, taking the amendment into consideration, though the amended complaint was returned by the defendant, and though the plaintiff may not have been justified in serving an amended complaint, will retain jurisdiction, since according to the record on the return day the action is brought to recover the sum of $3,000 only, an amount insufficient under subdivision 1 of section 24 of the United States Judicial Code to give the Federal court jurisdiction, although there is a diversity of citizenship.

APPEAL by the defendant, Kelly-Springfield Tire Company, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 20th day of March, 1925, refusing to accept a petition presented by the defendant for the removal of this cause to the United States District Court for the Eastern District of New York and retaining jurisdiction over this cause of action.

Defendant's motion was made pursuant to subdivision 1 of section 24 and under sections 28 and 29 of the Federal Judicial Code.    (See 36 U. S. Stat. at Large, 1091, § 24, subd. 1; Id. 1094, § 28, as amd. by 38 id. 278, chap. 11; 36 id. 1095, § 29.)

*Sam L. Cohen* [*Benjamin H. Margolies* with him on the brief], for the appellant.

*Israel I. Davidson,* for the respondent.

Order declining to accept petition for the removal of action to the Federal court, and retaining jurisdiction, affirmed, with ten dollars costs and disbursements, upon the opinion of Mr. Justice LAZANSKY at Special Term.

KELLY, P. J., JAYCOX, MANNING, YOUNG and KAPPER, JJ., concur.

The following is the opinion delivered at Special Term:

LAZANSKY, J.:

Whether or not the action is removable to the Federal court is to be determined from the face of the record at the time the application is made.    (*Crehore* v. *Ohio, etc., R. Co.,* 131 U. S. 240.)    The State court is not concluded by the averments of the petition, but should consider the entire record, including the pleadings and proceedings.    (*Southern Pac. Co.* v. *Waite,* 279 Fed. 171; *Miller* v. *Soule,* 221 id. 493; *Powers* v. *Chesapeake & Ohio R. Co.,* 169 U. S. 92; *Burlington, etc., R. Co.* v. *Dunn,* 122 id. 513.)    The practice here is not to file pleadings, and the only way of ascertain-

ing the state of the record is by affidavit. (See *Disbrow* v. *Driggs*, 16 How. Pr. 346.) There is no dispute as to the facts. The complaint asking for $25,000 because of which a removal to the Federal court might be had, was served on February 9, 1925. The notice of removal was served February twenty-first, and returnable February twenty-sixth. The latter date may be deemed the time when the petition was filed or presented. On February twenty-fifth plaintiff served what is denominated an amended complaint, which, with other changes in the text, prayed for damages in the sum of $3,000. The amended complaint was returned to plaintiff by defendant by mail on the evening of the day it was received. The return of the amended complaint by defendant had no effect upon the service thereof. (*Hubert* v. *Apostoloff*, 200 App. Div. 641.) Assuming that the changes in the complaint, including the reduction of amount, are not such as to warrant an amended complaint, the so-called amended complaint acted, at least, as a notice that plaintiff would only ask for $3,000 damages. By such notice plaintiff was bound. Therefore, by the amended complaint, if it be deemed such, or by notice through what was termed an amended complaint, the amount of damages sought is $3,000. Thus, according to the record, it appears that before and at the time the petition was filed the action was brought to recover the sum of $3,000. (See *Mullin* v. *Blumenthal & Co.*, 1 Penn. [Del.] 182; 39 Atl. 991; *Waite* v. *Phœnix Ins. Co.*, 62 Fed. 769.) The jurisdiction of the State court continues.