ALFRED J. MASTERS and Others, Suing for THE TRADERS NATIONAL BANK OF ROCHESTER and Other Stockholders, Plaintiffs, *v.* TRADERS NATIONAL BANK and Others, Defendants.

Supreme Court, Monroe County, March 2, 1927.

**Removal of causes — consideration of application by State court — stockholder's action against directors of National bank predicated on general principles of common law — action is not removable to Federal court.**

The removal of a cause from the Supreme Court to the Federal District Court rests in the sound judgment of the State court.

The removability of the cause depends upon the material allegations in the complaint and is not affected by statements of conclusions of law or anticipated defenses in the complaint or by defenses set up in the petition for removal.

The court will scrutinize the complaint for intentional omissions or misstatements of facts bearing on the question of removability.

On such an application a National bank occupies the same position as a State bank and is not entitled to a removal by virtue alone of its national character.

This action by a stockholder against the directors of a National bank which rests upon principles of the common law and which does not arise out of any Federal statute or law, was properly brought in the Supreme Court and is not removable under such circumstances to the United States District Court.

MOTION for removal of action to Federal District Court.

*James D. Harris,* for the plaintiffs.

*Sutherland & Dwyer,* for the defendants.

RODENBECK, J. A motion to remove a cause from the State courts to the Federal courts is not a *pro forma* application but one which rests in the sound judgment of the court. (*Burlington, etc., R. Co.* v. *Dunn,* 122 U. S. 513, 516; *Chesapeake & Ohio R. Co.* v. *McCabe,* 213 id. 207, 218; *Iowa Central R. Co.* v. *Bacon,* 236 id. 305.) The motion is to be determined by reference to the material statements of fact contained in the complaint. (*Tennessee* v. *Union & Planters' Bank,* 152 U. S. 454; *Oregon Short Line, etc., Co.* v. *Skottowe,* 162 id. 490; *Hanford* v. *Davies,* 163 id. 273; *Walker* v. *Collins,* 167 id. 57; *Third St., etc., R. Co.* v. *Lewis,* 173 id. 457; *Florida Central, etc., R. R. Co.* v. *Bell,* 176 id. 321, 327; *Arkansas* v. *Kansas, etc., Co.,* 183 id. 185; *Louisville, etc., R. R. Co.* v. *Mottley,* 211 id. 149.) The right of removal cannot be affected by any defense which the defendant may suggest in his petition. (*Ten-*

*nessee* v. *Union & Planters' Bank, supra,* 459; *Central R. R. Co.* v. *Mills,* 113 U. S. 249, 257; *Chappell* v. *Waterworth,* 155 id. 102; *Third St., etc., R. Co.* v. *Lewis,* 173 id. 457; *Florida Central, etc., R. R. Co.* v. *Bell,* 176 id. 321; *Arkansas* v. *Kansas, etc., Co., supra; Louisville, etc., R. R. Co.* v. *Mottley, supra.*) The application is not affected by any conclusions of law or by any statements of antici- pated defenses in the complaint. (*Taylor* v. *Anderson,* 234 U. S. 74; *Louisville, etc., R. R. Co.* v. *Mottley,* 211 id. 149.) The court will scrutinize a complaint, however, to see that the plaintiff has not purposely omitted or misstated a fact bearing upon the right of removal. (*Texas & Pacific R. Co.* v. *Cody,* 166 U. S. 606, 609.) A National bank is in the same position as a State bank on such an application. (Judicial Code, § 24, subd. 16 [Barnes Fed. Code, § 785]; *Leather Mfrs. Bank* v. *Cooper,* 120 U. S. 778, 781.)

This brings the question involved on this motion down to the inquiry as to whether or not any Federal question is involved in the plaintiff's action. Such a question is involved when the cause of action arises out of the Constitution of the United States or a Federal law or a treaty. A case arises out of a Federal law where the plaintiff's right to sue rests upon the law. (*American, etc., Co.* v. *Layne & Bowler Co.,* 241 U. S. 257. See *Albright* v. *Teas,* 106 U. S. 613; *Florida Central, etc., R. R. Co.* v. *Bell,* 176 id. 321, 329; *Louisville, etc., R. R. Co.* v. *Western Union Telegraph Co.,* 237 id. 300; *Louisville, etc., R. R. Co.* v. *Mottley,* 211 id. 149; *Emery & Co.* v. *American Ref. Transit Co.,* 246 id. 634.) Where the plain- tiff's cause of action grows out of a Federal law the cause is removable for without the statute no action lies. It is not merely a question whether or not a Federal law will arise in connection with the action as it may be purely incidental to the controversy. (*Gold-Washing & Water Co.* v. *Keyes,* 96 U. S. 199, 203; *Western Union Telegraph Co.* v. *Ann Arbor R. R. Co.,* 178 id. 239; *Emery & Co.* v. *American Ref. Transit Co., supra.*) In the case at bar the action is an ordinary stockholder's action resting upon principles of the common law and is not conferred by any statute or law of the United States. Any Federal statutes which may be involved, therefore, do not confer the cause of action and it cannot be said to arise out of any Federal statute or law. Any reference in the complaint to Federal statutes is merely surplusage so far as the cause of action is concerned and any Federal statutes defining the duties of directors of National banks are merely supplementary to the common-law right of a stockholder to sue for delinquency of directors for the benefit of the bank. The bank is, in such a case, the real party plaintiff and if it had sued the directors in

this instance, they would not be heard to claim that they ought to have been sued in the Federal courts. (*Brinckerhoff* v. *Bostwick*, 88 N. Y. 52, 61; *Herrmann* v. *Edwards*, 238 U. S. 107; *Planten* v. *National Nassau Bank*, 174 App. Div. 254; affd., *sub nom. Planten* v. *Earl*, 220 N. Y. 677; *Whittemore* v. *Amoskeag Nat. Bank*, 134 U. S. 527.)

Motion denied.