LAURETTA PLUNKETT and Another, Plaintiffs, *v.* FLORENCE BAIN, Defendant.

City Court of New York, Bronx County, October 19, 1932.

*Morton Lexow,* for the application.

*Louis Solomon,* opposed.

EVANS, J. In negligence actions the jurisdiction of this court is limited to $3,000 or less (State Const. art. 6, § 15; N. Y. City Court Act, § 16, subd. 1). The Federal courts can take no jurisdiction, in diverse citizenship cases, unless the amount involved exceeds $3,000, exclusive of interest and costs. (U. S. Code, tit. 28, § 41; 28 U. S. C. A. § 41, subd. 1.) So that a cause of action in negligence, which this court has jurisdiction of, may not be removed to the Federal courts, because a court having jurisdiction should not remove a cause to a court not having jurisdiction thereof. On the other hand, if the amount demanded in the complaint exceeds $3,000, there is also no necessity for removing the cause to the Federal court. In that event, this court would have no jurisdiction, and, on application made, the complaint would be dismissed. There is, therefore, no practical necessity ever to apply to this court, in a negligence case, to remove a cause to the Federal court, on the ground of diverse citizenship. An application of this kind is not a mere *pro forma* one, but rests in the sound judgment of the courts. (*Masters v. Traders Nat. Bank,* 129 Misc. 133.) (See, also, *New England Tire & Sales Co., Inc., v. Kelly-Springfield Tire Co.,* 214 App. Div. 58.)

The fact that several plaintiffs are joined in one complaint, asking for a total judgment aggregating more than $3,000, but each plaintiff asking for $3,000 or less, does not deprive this court of jurisdiction (*Spetler v. Jogel Realty Co., Inc.,* 224 App. Div. 612; *Dobrikin v. Union Railway Co.,* 130 Misc. 796), nor does it confer jurisdiction on the Federal courts. (*Title Guaranty Co. v. Allen,* 240 U. S. 136.) Application denied.