THE EMIGRANT INDUSTRIAL SAVINGS BANK, Respondent, v. FLEETWOOD TERRACE, INC., SAMUEL SHINDELMAN and GRAMATAN HOLDING Co., INC., Appellants, and Another, Defendant.— In an action to foreclose a mortgage on real property, the complaint excepted from the description of the mortgaged property a portion thereof affected by a condemnation proceeding by the city of Mount Vernon for a street widening. The action proceeded to judgment and sale and plaintiff bid in the property and took and recorded the referee's deed. Before the foreclosure action reached the stage of judgment, and on or about July 29, 1935, the commissioners in condemnation filed their report awarding $29,460 for the property taken. Thereafter, it obtained two *ex parte* orders which in effect vacated all its proceedings to obtain judgment, the judgment, the sale, and canceled the referee's deed, and also allowed it to amend its complaint so as to describe the entire mortgaged property, including the portion thereof under

condemnation. The appellants had no notice of the application for these *ex parte* orders, although they had served notices of appearance which had been returned to their attorney as not having been served within the time to appear or answer. Subsequent to obtaining these *ex parte* orders, plaintiff applied in the condemnation proceeding for the payment to it of the award which had been made for the portion of the mortgaged property condemned, but decision upon its application was reserved pending final judgment and sale in the present foreclosure action. Appellants moved to vacate the *ex parte* orders in question on the merits as well as on the ground that they had been obtained without notice to them. Their motion was denied and the order appealed from was entered. Order denying appellants' motion to vacate the *ex parte* orders in question reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted upon the ground that they were obtained without a notice to the appellants, with ten dollars costs. We are of the opinion that the appellants were entitled to notice of the application for these *ex parte* orders and that their failure to move to compel plaintiff to accept their notices of appearance did not deprive them of their right to such notice. (*Hubert* v. *Apostoloff*, 200 App. Div. 641.) Lazansky, P. J., Young, Hagarty, Johnston and Taylor, JJ., concur.